No. 80.—ADOLPHUS S. RUTHERFORD, plaintiff in error, *vs.* ROBERT E. DIXON, administrator, &c., defendant in error.

Assumpsit, in Muscogee Superior Court. Decision by Judge WORRILL, November Term, 1856.

This was an action by Adolphus S. Rutherford, who, at the time of the issuing of the writ, was sheriff of Muscogee county, against Robert E. Dixon, administrator, &c.

Before going into the trial, defendants counsel made a motion to dismiss the case, on the ground that the process was not directed to the Coroner of said county, and the sheriffs of the adjoining counties.

Plaintiff's counsel moved to amend so as to insert the words " and to the sheriffs of the adjoining counties." The Court refused to allow the amendment, and granted the motion dismissing the action, and plaintiffs counsel excepted, and assigns error.

DOUGHERTY, for plaintiff in error.

JONES & JONES, for defendant in error.

*By the Court.*—McDONALD, J. delivering the opinion.

It was stated in the argument in this Court, and admitted as a fact, that the sheriff of the county of Muscogee was interested in this case. The process was directed to the Coroner of the county. When the cause was called for trial, the defendant's counsel moved to dismiss it, because the process was not directed to the Coroner of Muscogee county, *and the sheriff of the adjoining counties.* The plaintiff's counsel moved to amend the process by adding the words " and to the sheriffs of the adjoining counties." The Court below refused to allow the amendment and sustained the motion to dismiss the plaintiff's case. This decision is excepted to and error is assigned thereon.

The Act of 1840, *Cobb* 473, directs all original process issued by the Clerks of the Superior or Inferior Courts, when the sheriff who ought to serve the same is interested, to be directed to the Coroner of the county in which the sheriff may reside and to the sheriffs of the adjoining counties, and that they be served and returned by the Coroner or the sheriff of any one of the adjoining counties, at the option of the plaintiff. This act is directory and for the benefit of plaintiffs, and intended to afford them the means of having their cases brought into Court. The process was directed to the Coroner. His authority to act, therefore, was unquestionable.

He did act; he served the defendant. The defendant appeared and answered. His appearance was a waiver of the defect, if any; but we hold that the proceeding was good as it stands and was not objectionable, if it had been excepted to at any time. If the declaration and process had been served by the sheriff of one of the adjoining counties, directed as it is, the objection, if before answer, might have been good, but even then appearance would have waived the defect.

Judgment reversed.