Flury vs. Grimes.

WILLIAM A. FLURY, agent, plaintiff in error, *vs.* WILLIAM A. GRIMES, defendant in error.

Where the judge of the county court, who is authorized, if the bailiff is sick, etc., to appoint any person to execute a process, appointed the person who, as agent of the landlord, had sued out a distress warrant, to execute and return the same, and such person made a levy upon property which was claimed by a third person:

*Held*, that the appointment was illegal and the levy void, and it was not error in the court below to order the levy to be dismissed.

County court. Officers. Levy. Execution. Before Judge POTTLE. Hancock Superior Court. April Term, 1874.

William A. Flury, as agent for his wife, Sarah F. Flury, sued out a distress warrant against Joseph Dickens *et al.* for $150 00. The judge of the county court who issued such process passed the following order:

"GEORGIA—HANCOCK COUNTY:

"The regular bailiff of the county court being absent, I have appointed W. A. Flury as special bailiff in the emergency, to serve this warrant and levy the same, and have sworn him to the due and legal performance of his duty as such, this 14th November, 1873.

(Signed) "FRANK L. LITTLE,
"Judge Hancock County Court."

Under this appointment, Flury levied the warrant upon twenty-nine hundred pounds of seed cotton as the property of the defendants. A claim was interposed by Wm. A. Grimes.

Upon the trial of the issue thus formed, the county court held that "as much as one and three-fourths bales of cotton" was subject to the warrant. From this judgment the claimant entered an appeal to the superior court. When the case was called in the latter tribunal, the claimant moved to dismiss the levy because the officer appointed to execute the process was a party to the record, and made the affidavit upon which the same issued. The motion was sustained, and plaintiff excepted.

GEORGE F. PIERCE, Jr., for plaintiff in error.

J. T. JORDAN, by brief, for defendant.

McCAY, Judge.

The position of Flury to the record in the case is peculiar. Under our law, a distress warrant may be sued out by an agent of the landlord, and upon his, the agent's, affidavit. Is it competent for the judge of the county court to appoint as a bailiff to execute the warrant this very same agent in whose name and on whose oath the warrant issues. The law does not, in terms, prescribe any qualifications of a special bailiff. The act of 1871 (Code, section 289,) simply declares that, in case the regular bailiff is sick, etc., the judge may appoint a special bailiff, who may, if he take the oath of office, act without giving any bond. It occurs to us that, from the very nature of the case, this special bailiff ought not to be carelessly chosen. He gives no bond. He is to be trusted simply on his oath, and he ought especially, for this very reason, to have no interest in the case.

The officer who executes a warrant is an officer of the law. The right of the landlord himself to seize as at common law, does not exist in this state. A distress warrant is a legal process, a mode of claiming a right by a proceeding before a court. The act of 1871 provides that a special bailiff may be appointed. The implication is that this special bailiff shall be one who might, under the law, be bailiff. He is clothed by

Flury *vs.* Grimes.

the act with the rights and duties of a constable. Is he competent to undertake the duties of a constable in a case where upon the very face of the proceedings he appears as the agent of the plaintiff? Does he not, by becoming bailiff, undertake a duty wholly inconsistent with his duty. as the agent of the plaintiff? This court, in 9 *Georgia*, 164, held that a sheriff could not, as the agent of another, buy at his own sale, and this upon the distinct ground that as the agent of the law he was bound to stand equal between the plaintiff and defendant, and that an agency for a purchaser at the sale was inconsistent with this. Is not this, in principle, the same? He was appointed to *execute* this warrant, to levy and sell the property of the tenant. Is not this duty inconsistent with his duty to his principal, the plaintiff in the suit? As the agent of the law it is his duty to stand perpendicular between both parties. As the agent of the plaintiff, he has undertaken to represent, uphold and defend, her rights. The defendant may desire to resist the sale by a replevy, and by giving a bond. It is the duty of the bailiff to take the bond, to fix its amount, to judge of its solvency, etc., etc. All this delays the plaintiff, stops the sale and casts upon him duties which call upon him to judge between the defendant and the real plaintiff. We see no great distinction between appointing a bailiff the agent in whose name and on whose affidavit the warrant issues, and appointing the principal himself. It may be, and probably is true, that the bailiff selected in this case is an upright man, and that the levy was fairly made, and would have been fairly dealt with; but we must decide the question before us on principles that will apply generally, and be precedents for the future. We cannot bring ourselves to sanction such a rule as is contended for. It would be open to the grossest abuses. We might as well have the old common law of force, under which the landlord was himself the seizer. We think the levy void.

Judgment affirmed.