JOHN S. JOHNSON *et al.*, plaintiffs in error, *vs.* THOMAS N. SHURLEY, defendant in error.

Where a *joint* bond is sued upon by the sheriff, and the process is directed to the sheriff, and is served by him on all the defendants, and where the principal in the bond does not appear or plead, and where the sureties answer at the first term, but file no plea, the court merely entering " answer " on the docket, it is not too late at the second term for the sureties to move to dismiss the case for want of legal process and service, the motion being made before pleading to the merits.

Practice in the Superior Court.   Process.   Service. Waiver.   Before Judge POTTLE.   Warren Superior Court. October Term, 1876.

Reported in the opinion.

W. M. & M. P. REESE, for plaintiffs in error.

C. S. DuBOSE; JAMES WHITEHEAD, for defendant.

BLECKLEY, Judge.

The bond sued upon was *joint*, not joint and several. It was given to the sheriff by the deputy sheriff and his sureties, and was intended to indemnify the sheriff against any official misconduct by the deputy.   The action was for a breach of the bond.   The sheriff was the plaintiff, and to him the process was directed, and by him it was served upon each of the defendants.   The process was undoubtedly bad. It ought to have been directed to the coroner of the county, and to the sheriffs of the adjoining counties.   Code, §3344. The sheriff, being the plaintiff, could not serve it.   Service by him was void.   52 *Ga.*, 341.   The law does not trust a party to execute process or to make a return.   Process directed to the plaintiff is the same as no process, and service by him is the same as no service.   The only question, therefore, is, whether process and service have been waived·

Appearance and pleading amount to a waiver. Code, §3335. But the principal defendant has done neither. Any judgment rendered in the case would certainly be a nullity as to him. And yet the cause of action is a joint contract, and the defendants who have appeared are but sureties upon that contract. No legal excuse appears why the principal has not been legally served, or why due process has not issued against him. The plaintiff is in no condition to demand a joint judgment, and has no right to a several one. In such a case the sureties were not too late with their motion to dismiss the action. They had appeared at the first term, but had not pleaded. It is true the judge had entered "answer" upon the docket, and the Code declares, in section 3458, that the general issue shall be considered as filed in all cases which are answered to at the first term. We hardly think this implied pleading is the sort contemplated in section 335, as working waiver of process and service. We incline to the opinion that this section has in view something put on file, signed by defendants or their counsel, and destined to become of record with the other proceedings in the cause—something as full and formal as an ordinary acknowledgement of service would be. But there is no occasion now for making a definite ruling on this point. It is enough that at the time the motion to dismiss was made, which was at the second term, all the defendants had not appeared, and those who had appeared, and by whom the motion was made, had not actually pleaded. Even if they had pleaded, it is not clear that they would have been too late, for, with the principal defendant not served, such a suit would never be ripe for judgment. Ruling, as we do, that the court erred in not dismissing the action, all else done in the case was error, of course.

Judgment reversed.