## THE STATE OF GEORGIA *vs.* JETER.

1. Where one of the defendants in an execution is the sheriff of the county, he is a party at interest, and cannot levy the execution upon the property of his co-surety and co-defendant.
2. The disability of the levying officer being apparent on the face of the papers, the levy may be dismissed on motion of the claimant.

Claim. Sheriffs. Levy and sale. Practice in the Superior Court. Before Judge WRIGHT. Decatur Superior Court. November Term, 1877.

An execution in favor of the state of Georgia against Griffin, tax collector, Harrell, Jeter and others, sureties, was levied by Harrell, who was then sheriff, upon certain land as the property of Jeter. The latter, for his family, filed a claim. When the case was called, claimant moved to dismiss the levy because made by a co-defendant to the *fi. fa.* The motion was sustained, and plaintiff excepted.

BOWER & CRAWFORD, for plaintiff in error.

JOHN E. DONALDSON, by brief, for defendant.

BLECKLEY, Judge.

Section of the Code 911 requires that executions against tax collectors and receivers shall be directed to " all and singular the sheriffs of this state." The same section provides, however, that the work of executing is to be done by the sheriffs, or. their lawful deputies, " or other officer lawfully in their stead." This latter phrase must refer to the general law, as set forth in other sections of the Code. Section 3344 prescribes that " if the sheriff is a party to the cause, the process shall be directed to the coroner of the county, and to the sheriffs of the adjoining counties, and may be served by either, as convenience may suggest." Section 3960 is under the head of proceedings against the officers of court. It says that " whenever the sheriff or his deputy is a party to said rule, or interested therein, and there be no coroner or other lawful officer of said county to execute the same, it shall be the duty of the judge or justice of said court to appoint, *pro tempore*, a special officer to carry out and effectuate the order of said court, which said officer, so appointed, shall be allowed the usual fees of sheriffs for like service." In treating of the duties of coroners, section 588

declares that "when a sheriff is disqualified, and it does not appear upon the face of the proceedings, or he or his deputy refuses to perform a service, if any person makes affidavit thereof, the clerk of the court from which it issues, shall place the process in the hands of the coroner for execution, and may compel its return to his office for such purpose." The letter of these various sections does not cover the precise case before us; but the spirit of them does. The general scheme of the law is not to trust the sheriff to perform the functions of an officer where he has the interest of a party. He is not to be both priest and penitent. There is the same reason for keeping sight of this scheme where process is issued by the comptroller general as where it is issued from a court; and there is a sort of hint to this effect in the language above quoted from section 911 of the Code. There is no invariable rule that the sheriff or his deputy must levy, but they are to do it, "or other officer lawfully in their stead." Where the sheriff is one of the defendants in an execution, he is not a fit person to levy on his own property, and his interest in the proceeding renders him equally unfit to wield the power of the law against his co-defendants. Legal process is subject to abuse, and interest is a temptation which the law supposes average human nature may be unable to withstand. 52 *Ga.*, 341; 58 *Ib.*, 417.

2. Motion to dismiss the levy could be entertained, the disability of the levying officer being apparent on the face of the papers. 34 *Ga.*, 427.

Cited for plaintiff in error: 49 *Ga.*, 621; Code, §§3633, 3344, 588; act of 1840, Cobb's Dig., 473; 21 *Ga.*, 383–4; 52 *Ib.*, 341.

Cited for defendant in error: Code, §3344; 58 *Ga.*, 417., 58 *Ib.*, 417; 52 *Ib.*, 341.

Judgment affirmed.