BLANCE & McGAROUGH vs. MIZE.

1. Where suit was brought and judgment obtained against a sheriff, and the execution issued thereon was directed "to all and singular the sheriffs of this state and their lawful deputies," and was levied by the coroner, and a claim interposed, the claimant could move, at the trial of the case and before issue joined, to dismiss the levy, because it appeared that the coroner had no authority to make the same.

2. Where a *fi. fa.* is issued against the sheriff as such, it should be directed to the coroner of the county of his residence, and to all and singular the sheriffs of the state, except the sheriff of such county; when this has been done, the coroner has authority, without more, to make the levy. Where the *fi. fa.* is not thus directed, and it does not appear on the face of the proceedings that the sheriff is disqualified to act, then, upon affidavit being made of the fact and placed in the hands of the clerk of the court issuing the process, and by him delivered to the coroner, that officer is authorized to make the levy. Without this, he has no authority to execute the process.

September 25, 1883.

Sheriffs. Executions. Levy and Sale. Claim. Coroner. Before Judge FORT. Sumter Superior Court. April Term, 1883.

Reported in the decision.

HINTON & MATHEWS; HAWKINS & HAWKINS, for plaintiffs in error.

GUERRY & SONS, for defendant.

HALL, Justice.

The plaintiffs obtained an execution against J. W. Mize, which was directed, as required by law (Code, §3632), to "all and singular the sheriffs of this state and their lawful deputies." When the suit was commenced, on which this execution issued, Mize was sheriff, and has continued to be sheriff of Sumter county until the present time. On the 20th of August, 1881, the coroner of Sumter county levied

this *fi. fa.* on three bales of cotton in the warehouse of Harrold, Johnson & Co., as the property of "J. W. Mize, sheriff of Sumter county, Georgia," the property was claimed, and upon the trial of the claim, and before issue joined, the claimant moved to dismiss the levy, because it appeared that the coroner had no authority to make the same. The court below sustained this motion, and ordered the levy dismissed, because it appeared by the admission of the parties that no affidavit had been filed, as required by the Code, §588. Exception is taken to this decision, and that exception brings the case here.

1. That the claimant had the right to make this motion, and that it was made at the proper time and in the proper manner, is well settled by the decisions of this court. 58 *Ga.*, 417; 60 *Id.*, 489.

2. We hold that the coroner had no authority to make the levy, and that his action, for the want of such authority, is void. The execution did not issue against Mize as sheriff, but as an individual; had it issued against him as sheriff, then it should have been directed to the coroner of the county of his residence, and to all and singular the sheriffs of the state, except the sheriff of the county of Sumter; in that event, the coroner would have had authority, without more, to make the levy. Code, §3633. Where the *fi. fa.* is not thus directed, and it does not appear on the face of the proceedings that the sheriff is disqualified to act, as is evidently the case where he is a party to the process, then, upon affidavit being made of the fact and placed in the hands of the clerk of the court issuing the process, and by him delivered to the coroner, that officer is authorized to make the levy. *Id.*, 588. Without this, however, he has no more authority to execute the process than any other citizen.

Judgment affirmed.