### 32728. ABRAMS v. ABRAMS.

JORDAN, Justice.

The question presented by this appeal is whether a plaintiff may personally serve process on the defendant.

The appellee filed an alimony action against the appellant. On the same date she made a motion to be appointed a special agent for the service of process, alleging that the appellant was concealing himself to avoid service of process and that it would be very difficult for the sheriff to serve him. This motion was granted, and the appellee later made an affidavit that she had served the complaint by personally handing the appellant a copy of it.

After a hearing on the appellant's motion to dismiss, the trial judge held that the appellant was properly served with process, and the motion to dismiss the complaint on the grounds argued was denied.

The appellant made the question of the illegality of the service at the time he filed his first defensive pleadings, and there was no waiver of the alleged defective service. Code Ann. § 81A-112 (h) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693).

Code Ann. § 81A-104 (c) (Ga. L. 1966, pp. 609, 610; 1967, pp. 226, 227, 228, 249; 1968, p. 1036; 1968, pp. 1104,

1105; 1969, p. 487; 1972, pp. 689-692) provides: "Process shall be served by the sheriff of the county where the action is brought or where the defendant is found, or by his deputy, or by the marshal or sheriff of the court, or by his deputy, *or by any citizen of the United States, specially appointed by the court for that purpose.*" (Emphasis supplied.)

It is argued by the appellee that the emphasized language authorizes any citizen of the United States to serve process, which would not exclude the parties in a case. The law prior to the Civil Practice Act had no similar language, and no cases have been decided on this point since the Civil Practice Act became effective. There are cases, however, which state the policy of this state in the service of process.

In *Flury v. Grimes,* 52 Ga. 341 (1874), the court dealt with a proceeding in a county court. The agent who sued out a distress warrant for a landlord had been appointed as special bailiff to execute the warrant. The court pointed out that the law did not prescribe any qualifications of a special bailiff. It was held that the appointment was illegal and the levy void.

In *Johnson v. Shurley,* 58 Ga. 417 (1877), a sheriff was the plaintiff, and served the process. The court cited the statute then in existence providing for the service of process in a case in which the sheriff was a party, and stated: "The law does not trust a party to execute process or to make a return."

In *State v. Jeter,* 60 Ga. 489 (1878), a sheriff was one of the defendants in an execution, and it was held that he could not levy the execution. It was there said: "Where the sheriff is one of the defendants in an execution, he is not a fit person to levy on his own property, and his interest in the proceeding renders him equally unfit to wield the power of the law against his co-defendants. Legal process is subject to abuse, and interest is a temptation which the law supposes average human nature may be unable to withstand."

In *Hillyer v. Pearson,* 118 Ga. 815 (45 SE 701) (1903), it was held that where a sheriff was a party to a suit, process directed to the sheriff and his deputies, and served by one of his deputies, was void.

The appellee urges that the foregoing cases are no longer applicable because the Civil Practice Act repealed § 81-219 of the Code of 1933, which provided for service when the sheriff was a party. While the Civil Practice Act repealed Chapter 81-2 of the Code of 1933, other statutory law left in effect plainly indicates that sheriffs are disqualified to perform their official duties in cases in which they have an interest. See Code §§ 21-106, 24-204, 39-114.

In 62 AmJur2d 815, Process, § 32, it is stated that "as a general rule the law does not authorize a person to execute process in his own favor. To permit such a course of practice would lead to great oppression, wrong, and irregularity. The law has wisely entrusted the decision of disputes between citizens to persons wholly disinterested and free from bias and the acrimony of feeling so frequently, if not uniformly, engendered by litigation; and the same is equally true of the persons selected to execute the process necessary to the adjustment of such disputes."

In the absence of a specific statement in Code Ann. § 81A-104 (c) that a party may serve a process, we are confident that it was not the legislative intent that a party could be appointed as an agent to serve process in his or her own case.

The service on the appellant was void and it was error to deny the motion to dismiss. Knowledge by the appellant of the pending lawsuit would not cure the defect. *DeJarnette Supply Co. v. F. P. Plaza, Inc.,* 229 Ga. 625 (193 SE2d 852) (1972); *Hardwick v. Fry,* 137 Ga. App. 770 (225 SE2d 88) (1976).

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 21, 1977 — DECIDED OCTOBER 20, 1977.

*Katz, Weissman & Loftis, Donald A. Weissman,* for appellant.

*Westmoreland, Hall, McGee & Warner, John L. Westmoreland, Jr., Glenda L. Sullivan,* for appellee.