### 56752. EWING et al. v. PREFERRED LAND CORPORATION.

SHULMAN, Judge.

This suit on a promissory note arose from a series of transactions involving these parties and several more, but the facts relevant to this appeal are as follows. The four appellants executed a note to appellee, secured by a security deed which was expressly made subject to a senior security deed from appellee to two others. Subsequent to the dealings between appellants and appellee, a bank procured an assignment of the senior

security deed and the note secured thereby. Appellee apparently defaulted on the note the bank was holding, because the bank exercised the power of sale in the senior security deed and bought in at the sale. Still later, appellee brought suit against appellants on the note they executed. This appeal is from the grant of summary judgment for appellee.

1. Appellee has filed a motion denominated a "Motion to Dismiss" this appeal on the ground that appellants have failed to comply with Rule 18 of this court (Code Ann. § 24-3618) by failing to make reference to the record by pagination in the brief. However, failure to do so will not preclude our consideration of the sole enumeration of error where, as here, the inconvenience occasioned is insubstantial. *Azar v. GMAC,* 134 Ga. App. 176 (1) (213 SE2d 500). The motion to dismiss is denied.

2. Appellants have presented only one issue on this appeal: whether their allegations of a conspiracy between appellee and the bank which acquired the senior security deed and the note secured thereby present a genuine issue as to a material fact that would prevent the grant of summary judgment to appellee.

Appellee made out a prima facie case to support its motion for summary judgment. The burden was then on appellants to establish any affirmative defense they had. *Orr v. Woodruff-Robinson, Inc.,* 142 Ga. App. 861 (2) (237 SE2d 463). We do not believe they carried that burden.

On the day before the hearing on appellee's motion for summary judgment, appellants submitted answers to a set of interrogatories. In those answers, appellants alleged that appellee and the bank entered into an illegal conspiracy, in furtherance of which the bank procured an assignment of the senior security deed with the intent to foreclose, with appellee's consent, and buy in at a price well below the true value of the property. It was alleged by appellants that the intent of the conspirators was to enable the bank to take the property at less than its value and to enable appellee to sue appellants on their note. This connivance, appellants contend, harmed them because the property should have brought enough at the sale to extinguish their debt to appellee. Appellants insist that their allegations raise fact questions which, if

resolved in their favor, would result in an estoppel against appellee's efforts to enforce the note. We disagree.

We are not required to decide whether appellants' proffered defense would have been legally sufficient (but see *Langley v. Stone,* 112 Ga. App. 237 (144 SE2d 627)) because the defense was not before the trial court. Appellants failed to raise this defensive theory in their pleadings and the allegations of conspiracy in the answers to interrogatories amount to no more than conclusions and opinions not supported by facts within the knowledge of the person answering. As such, the allegations raised no genuine issues of material facts. *Matthews v. Wilson,* 119 Ga. App. 708 (168 SE2d 864).

Since appellants failed to present facts to rebut the prima facie case made out by appellee, the trial court was correct in granting summary judgment.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED OCTOBER 12, 1978 — DECIDED JANUARY 29, 1979.

*Cheeley & Chandler, Joseph E. Cheeley, Richard B. Chandler, Jr.,* for appellants.
*McClain, Mellen, Bowling & Hickman, Arthur Gregory, John B. Jay, John B. Gamble, Jr.,* for appellee.