### 34493. WALRAVEN v. WALRAVEN.

NICHOLS, Chief Justice.

The wife appeals the denial of her motion to set aside her judgment and decree of divorce.

The judgment and decree of divorce was entered in January of 1975 on the husband's complaint for divorce, service of which was acknowledged in behalf of the wife by her then attorney of record. No defensive pleadings were filed in her behalf in the divorce case.

Uncontradicted evidence introduced during the hearing on the motion to set aside filed in January, 1978 established that the wife neither was served personally with process in the divorce proceedings nor did she waive service. Neither did she expressly authorize or appoint her attorney of record to accept service for her. However, she had actual knowledge of the progress of the proceedings, her attorney read the complaint to her and discussed it with her, she participated in the preparation of the property settlement agreement that was incorporated into the judgment and decree, she approved that agreement and signed it, and she knew she had been divorced by order of the court. Thereafter, she and her husband made the property divisions required by the

agreement and took various other actions to carry out the provisions of the agreement. In response to questions asked of her by the court during the hearing on her motion, she testified that she knew she had been divorced and was not contending that a fraud had been effected upon her. Rather, her only reason for filing the motion was that, in her opinion, her husband had not lived up to his end of the settlement agreement.

By her conduct the wife has waived her right to insist upon personal service of process in the divorce proceedings and is estopped to deny that she authorized or ratified the conduct of her former attorney of record in acknowledging service in her behalf. She will not be heard to complain of the enforcement of the judgment and decree of divorce upon the grounds that she was not personally served with process in the divorce proceedings. *Jones v. Jones,* 209 Ga. 861 (76 SE2d 801) (1953); *Cameron v. Field,* 92 Ga. App. 236 (88 SE2d 184) (1955). See Code Ann. §§ 81A-104 and 81A-112(h). The cases of *Larsen v. Larsen,* 224 Ga. 112 (160 SE2d 383) (1968) and *Souter v. Carnes,* 229 Ga. 220 (190 SE2d 69) (1972), distinguish themselves from the present case by their facts.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 26, 1979 — DECIDED APRIL 6, 1979.

*Robert P. Witcher,* for appellant.

*Chance, Maddox & Jones, Howard W. Jones,* for appellee.