## 59823. DOTSON v. LUXTRON, INC.

SOGNIER, Judge.

On July 30, 1979 appellant Dotson filed suit against Luxtron in the Superior Court of DeKalb County. Pursuant to a motion which was granted by the court, appellant's attorney was appointed an agent of the court for service of process. Appellant's attorney personally served appellee on or about August 23, 1979 and filed an affidavit with the trial court reciting that fact. Appellee filed no responsive pleading and a motion for default judgment, with proper notice to appellee, was filed by appellant. On November 9, 1979 the case came on for trial (without a jury) and the court entered a final order and judgment. Appellee was not present at the trial in person or by counsel, and still had not filed any responsive pleadings. Thereafter, on December 20, 1979 appellee filed a motion to vacate and set aside judgment. After a hearing the trial court sustained

appellee's motion to vacate and set aside the judgment because service by appellant's attorney is not authorized, and a demand for jury trial was not waived. Plaintiff below appeals, and we affirm.

Appellant contends that the trial court erred in holding that his attorney could not perfect service of process pursuant to court order; appellant also contends that appellee waived its defense of insufficiency of service by not filing timely responsive pleadings. Appellant argues that since the Civil Practice Act (Code Ann. § 81A-104(c)) authorizes any person appointed by the court for such purpose to serve process, his attorney was appointed properly by the court and service was valid. However, in *Abrams v. Abrams,* 239 Ga. 866, 868 (239 SE2d 33) (1977) our Supreme Court held that the law has entrusted the decision of disputes to persons "wholly disinterested" in the litigation, and this is equally true of the person selected to execute the process necessary to the adjustment of such dispute. It is clear that appellant's attorney is not a person "wholly disinterested" in the litigation. See, e.g., *Flury v. Grimes,* 52 Ga. 341 (1874), where a dismissal for faulty service was upheld because an agent for a landlord who sued out a distress warrant was appointed special bailiff to execute the warrant. The court held in *Flury* that the agent was a party of record. Appellant argues, however, that an attorney is an officer of the court and when appointed its agent has a clear and direct duty to perfect service. This contention was also discussed in *Flury,* supra where the court stated that as an agent of the law a bailiff was bound "to stand equal between the plaintiff and defendant . . ." Id. at 343. Thus, it is clear that an attorney for the plaintiff in an action does not "stand equal" between the plaintiff and defendant and when so engaged is not a proper person to serve process in that action.

Appellant also contends that because appellee, after receiving notice of the action, filed no responsive pleadings in this case before default judgment was entered it waived the defense of insufficiency of service. However, since we find service defective in this case, the judgment pursuant to default is absolutely void. *Cook v. Bright,* 150 Ga. App. 696, 700 (258 SE2d 326) (1979). A defendant who defaults does not waive defects in service, even when he receives actual notice of the lawsuit. Id. Thus, enumerations of error 1 and 2 are without merit.

In view of our decision on these enumerations, the remaining enumerations are moot.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

<small>Argued May 5, 1980 — Decided September 2, 1980 —</small>

*Steven J. Ross, John W. Folsom,* for appellant.
*Robert L. Goldstucker,* for appellee.