## 61292. DON PEPE, INC. v. JMAPCO, INC. et al.

BANKE, Judge.

We are called upon in this case to decide whether a defendant corporation's registered agent for service of process may acknowledge service of a suit against that corporation where he is also a corporate officer of the plaintiff.

The plaintiff, Don Pepe, Inc., applied for a distress warrant against defendants JMAPCO, Inc. and Jack M. Anderson. The affidavit in support of the application was executed by Modesto J. Garcia, who represented himself to be Don Pepe's president. Garcia also acknowledged service of the pleadings on behalf of JMAPCO, Inc., acting as that corporation's registered agent for service of process. This appeal is from an order dismissing the action as to both defendants for insufficiency of service of process. *Held:*

1. In *Abrams v. Abrams,* 239 Ga. 866 (239 SE2d 33) (1977), the Supreme Court held that, despite language in Code Ann. § 81A-104 (c) allowing service "by any citizen of the United States, specially appointed by the court for that purpose," a party may not be appointed to serve process in his or her own case. Similarly, in *Dotson v. Luxtron, Inc.,* 155 Ga. App. 504 (271 SE2d 644) (1980), this court held that a plaintiff's attorney could not be appointed agent for service of process on behalf of that plaintiff, despite the fact that, as an attorney, he was an officer of the court. Both holdings were based on the public policy of entrusting the execution of legal process only to persons "wholly disinterested" in litigation. Garcia's action in acknowledging service of process on behalf of JMAPCO in this case was tantamount to his serving the process upon himself; and thus, pursuant to *Abrams* and *Dotson,* we must agree with the trial court that the service was void.

2. Although the plaintiff concedes that service upon Jack M. Anderson was also insufficient in that it did not comply with Code Ann. § 61-403, it is urged that Anderson waived the defect by failing to raise it either in his answer or by motion at or before the deadline for filing the answer. See generally Code Ann. § 81A-112 (b); *Pascoe Steel Corp. v. Turner County Bd. of Ed.,* 139 Ga. App. 87 (1) (227 SE2d 887) (1976). The defendants filed a joint answer containing the following paragraph: "Defendants have been improperly served with a copy of the affidavit and summons in this action. Modesto J. Garcia, president of plaintiff corporation, purports to have acknowledged service in behalf of defendant, JMAPCO, Inc. Plaintiff cannot bring suit against defendants and accept and acknowledge service in their behalf for the same case." While the second and last sentences of this paragraph concern only JMAPCO's defense, the first sentence

clearly asserts the defense of improper service as to both defendants. See generally Code Ann. § 81A-108 (e) (1). We accordingly hold that Anderson adequately preserved his right to contest the sufficiency of service.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 23, 1981.

*Terence G. Kelly, Charles L. Jurjevich,* for appellant.
*Paul H. Wyatt,* for appellees.