## 61688. SETAC CORPORATION et al v. W. P. STEPHENS LUMBER COMPANY.

POPE, Judge.

In July of 1977 Setac Corporation (Setac), a construction company formerly in the business of building homes, applied to W. P. Stephens Lumber Company (Stephens) for credit in order to purchase building supplies. Stephens requested the president and sole shareholder of Setac, appellant Ronald K. Cates, to execute a personal guaranty for all debts which Setac was expected to incur. This document, which was executed on July 6, 1977, was unrestricted as to scope, time and amount and has never been cancelled. A credit line of $5,000 was established for Setac's purchases. Purchases were made in July and August and paid in November of 1977. In May of 1978 a Setac employee went to the Roswell office of Stephens seeking to purchase framing material for two houses through the account. The account was approved for new purchases with the credit line

increased to $20,000 based on information in the credit file and the personal guaranty of Cates, and Setac made purchases in May, June and July, 1978. Setac became unable to pay Stephens for materials purchased and Stephens filed liens on Setac's properties. On February 2, 1979 Cates entered into another agreement whereby he agreed to personally guarantee payment of Setac's debt to Stephens in the amount of $42,348.40 so that Stephens' liens on the properties would be removed and they could be sold. Only two payments of $2,500 were made and in September, 1979 Stephens filed suit against Setac and Cates for the unpaid balance of the debt.

Stephens' attorney obtained an order authorizing him to serve process with summons and copies of the complaint on Cates individually and as agent for Setac. Each defendant filed an answer denying liability. Both defendants raised the defense of insufficient service of process, alleging that the affidavit of service could be interpreted to read that only one copy of the complaint was served upon Cates and that therefore service of process upon both defendants was incomplete. An oral motion that the complaint be dismissed on this ground was made. The trial court upon hearing arguments and reviewing the evidence ruled that each defendant did in fact receive a copy of the complaint and summons and that service of process was proper. Stephens moved for summary judgment against both defendants and Cates made a motion for judgment on the pleadings. Appeal is from the grant of Stephens' motion for summary judgment and denial of defendants' motions to dismiss and for judgment on the pleadings.

1. Defendants contend for the first time on appeal that the attorney for Stephens was an improper party to be appointed as agent to serve process. While this court so held in *Dotson v. Luxtron,* 155 Ga. App. 504 (271 SE2d 644) (1980), an affirmative defense such as insufficiency of process must be raised in the trial court or it is waived. Code Ann. § 81A-112 (h) (1). The only objection to the sufficiency of service raised by defendants' motion to dismiss went to whether two copies of the summons and complaint had been served upon Cates, and the trial judge determined from the evidence presented that they had. Where there is any evidence of record to sustain the findings of a judge sitting without a jury, the judgment will not be disturbed. *Azar v. Accurate Construction Co.,* 146 Ga. App. 326 (2) (246 SE2d 381) (1978). The affidavit of process was subject to the construction given it by the trial judge and there is no positive indication to the contrary disclosed by the record. Defendants' further ground was waived by their failure to raise it at trial. Accord, *Walraven v. Walraven,* 243 Ga. 487 (254 SE2d 863) (1979); *Abrams v. Abrams,* 239 Ga. 866 (239 SE2d 33) (1977);

*Thompson v. Lagerquist,* 232 Ga. 75 (205 SE2d 267) (1974).

2. The documents and affidavits submitted in evidence fully support the trial court's determination that there was no genuine issue as to any material fact and that Stephens was entitled to judgment as a matter of law. Cf. *Hearn v. C. & S. Nat. Bank,* 154 Ga. App. 686 (269 SE2d 486) (1980); *Ewing v. Preferred Land Corp.,* 148 Ga. App. 811 (2) (253 SE2d 232) (1979).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JULY 14, 1981.

*Richard A. Katz,* for appellants.
*J. Guy Sharpe,* for appellee.