74216. TRAVELERS INDEMNITY COMPANY OF RHODE ISLAND et al. v. SCHENDEN.
(356 SE2d 761)

McMURRAY, Presiding Judge.

Plaintiff brought suit against defendants in the State Court of Hall County. The complaint was couched in two counts. In Count 1, plaintiff sought $157,045.42 against defendants pursuant to a policy of insurance. It also sought a penalty of 25 percent of the amount due, reasonable attorney fees and the cancellation of certain security instruments. In Count 2, plaintiff sought actual and punitive damages against defendant The Travelers Indemnity Company of Rhode Island ("Travelers") under an intentional tort theory. The case was removed to the United States District Court. Defendant Travelers answered the complaint and plaintiff embarked upon discovery. In the meantime, plaintiff sought to have the case remanded to the State Court of Hall County. He was successful in this endeavor.

After the subsequent remand, plaintiff certified that defendants

failed to file an answer in the State Court either before removal or after remand. He also certified that an answer was not timely filed in the United States District Court following removal. Based upon plaintiff's certification, the trial court ruled that defendants were in default. It also determined that this "is a case for liquidated damages as to Count 1." Accordingly, it awarded judgment to plaintiff in the amount of $157,045.42, plus costs, and it ordered that the security instruments in question be cancelled of record. An express determination pursuant to OCGA § 9-11-54 (b) was not made. No action was taken with regard to Count 2 of the complaint. Defendants appeal, enumerating error upon the entry of the default judgment. *Held*:

The courts do not favor piece-meal review. *Foley v. Shanahan*, 133 Ga. App. 262 (1) (211 SE2d 367). "Where there is a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment. OCGA § 9-11-54 (Code Ann. § 81A-154). In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) (Code Ann. § 81A-154) or there must be compliance with the requirements of OCGA § 5-6-34 (b) (Code Ann. § 6-701). Where neither of these code sections are followed as in this case, the appeal is premature and must be dismissed. *Myers v. Mobil America Corp.*, 132 Ga. App. 331 (208 SE2d 169); *Johnson v. Martin*, 132 Ga. App. 813 (209 SE2d 256); *Hancock v. Oates*, 244 Ga. 175, 177 (259 SE2d 437)." *Spivey v. Rogers*, 167 Ga. App. 729 (307 SE2d 677). See also *Daniell v. Heyn*, 169 Ga. App. 772 (315 SE2d 284).

*Appeal dismissed. Sognier and Beasley, JJ., concur.*

DECIDED APRIL 28, 1987.

*Oliver B. Dickins, Jr.*, for appellants.
*Robert E. Andrews*, for appellee.