### A94A0684. CHURCH et al. v. BELL et al.

(443 SE2d 677)

BIRDSONG, Presiding Judge.

This is a direct appeal from the judgment of a superior court dismissing the complaint against Jack T. Bell, John Martin, Vicki Walker (in their individual and official capacities), the Sheriff's Department of Carroll County, and Carroll County, Georgia, because of insufficient service of process. The case arises from the death of Bobby Thompson while he was being transferred from Carrollton to a hospital in Columbus, Georgia.

On appellees' motion to dismiss the complaint against them, the trial court found that the original service on the sheriff and his deputies was defective because it was made by another deputy sheriff and this service is contrary to the public policy of this state. See former Code Ann. § 81-219: "If the sheriff is a party to the cause, the process *shall* be directed to the coroner of the county, and to the sheriffs of the adjoining counties, and may be served by either, as convenience may suggest." (Emphasis supplied.) *Abrams v. Abrams*, 239 Ga. 866, 868 (239 SE2d 33); *Hillyer v. Pearson*, 118 Ga. 815, 817 (45 SE 701); *Don Pepe, Inc. v. JMAPCO, Inc.*, 157 Ga. App. 216 (276 SE2d 886). The trial court further found that subsequent service of process on the sheriff's department defendants by the coroner was not effective because of laches. Consequently, the trial court granted appellees' motion to dismiss the complaint. Thereafter, appellants filed this direct appeal. *Held:*

Appellees have moved to dismiss the appeal because they contend a direct appeal under OCGA § 5-6-34 (a) is not authorized. Review of the order dismissing the claims against appellees shows that on its face the order is not an appealable final order under OCGA §§ 5-6-34 (a) (1) and 9-11-54 (a) because claims remain pending in

the trial court against the physician who ordered Thompson's transfer, and the trial court did not direct entry of final judgment in accordance with OCGA § 9-11-54 (b). Additionally, there has been no compliance with the interlocutory appeals procedures of OCGA § 5-6-34 (b).

Appellants maintain, however, that the trial court's order is appealable under OCGA § 9-11-56 (h) because the trial court considered matters outside the record, and, in effect, the trial court granted summary judgment because it considered matters outside the record in determining whether valid service of process was perfected. See OCGA § 9-11-12 (b). Under OCGA § 9-11-12 (b), however, only motions under OCGA § 9-11-12 (b) (6), failure to state a claim upon which relief can be granted, are converted to motions for summary judgment when matters outside the pleadings are considered. As appellees' motion by its terms is a motion to dismiss under OCGA § 9-11-12 (b) (2), (4) and (5), it was not a motion for failure to state a claim upon which relief can be granted. Therefore, it was not converted to a motion for summary judgment. Consequently, to the extent the trial court considered evidence outside the pleadings, it did so under OCGA § 9-11-43 (b) and not OCGA § 9-11-56. See *Kirkpatrick v. Mackey*, 162 Ga. App. 876, 877 (293 SE2d 461); *Williams-East, Inc. v. Weeks*, 156 Ga. App. 861, 862 (275 SE2d 801); *Rainwater v. Vazquez*, 133 Ga. App. 173 (210 SE2d 380). Matters in abatement are not properly the basis for a motion for summary judgment. *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459).

The cases upon which appellants rely (see, e.g., *Rose v. Ryan*, 209 Ga. App. 160 (433 SE2d 291); *Brooks v. Boykin*, 194 Ga. App. 854 (392 SE2d 46)) concern motions for summary judgment asserting the defense of the statute of limitation. Accordingly, they are inapplicable to this case in which no such defense was asserted. Although the trial court's analysis of the belated service of process in this case considered the expiration of the statute of limitation, the trial court did not grant summary judgment to appellees, but granted their motion to dismiss.

The trial court's dismissal of this action was not converted to a grant of summary judgment to appellees (*Terrell v. Porter*, 189 Ga. App. 778, 779 (377 SE2d 540); *Behar v. Aero Med. Intl.*, 185 Ga. App. 845 (366 SE2d 223)), and, therefore, the dismissal was not directly appealable under OCGA § 9-11-56 (h). Accordingly, appellees' motion to dismiss the appeal is granted and the appeal is dismissed. *Travelers Indem. Co. of Rhode Island v. Schenden*, 182 Ga. App. 735, 736 (356 SE2d 761).

*Appeal dismissed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 18, 1994.

*Davis, Zipperman, Kirschenbaum & Lotito, E. Marcus Davis,* for appellants.

*Drew, Eckl & Farnham, Theodore Freeman, Phillip E. Friduss,* for appellees.