A97A1689. YEARY et al. v. BELL.
(492 SE2d 278)

BIRDSONG, Presiding Judge.

Bonnie Sue Yeary and John Yeary, appellants/plaintiffs, appeal the order of the superior court granting the motion to dismiss filed by appellee/defendant Fred Bell d/b/a Bell's Food Store.

Appellant brought suit seeking damages for injuries averred to have been sustained as a result of a fall at appellee's food store; appellee timely filed an answer to the complaint averring, inter alia, the defense of insufficient service of process. Appellee thereafter filed a motion to dismiss based upon insufficiency of process and the expiration of the statute of limitation. The trial court subsequently granted appellee's motion to dismiss for insufficient service of process.

Appellants' sole enumeration is that the trial court erred in granting appellee's motion to dismiss by finding that the process server was not a disinterested party, and therefore, service of process was invalid. Process was served by an attorney who had been specially appointed to do so by the court, pursuant to the motion to appoint special agent filed by appellants' counsel. *Held*:

1. Appellants' and appellee's briefs contain certain statements of fact not supported by the appellate record; we cannot consider such matters on appeal. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 846 (1) (366 SE2d 223).

2. Appellants in essence assert that the trial court erred as the evidence of record fails to support that the process server, an attorney, was acting as counsel for appellants at the time of service, and thus was not a disinterested party. Appellee contends that the appellate record contains some evidence to support the trial court's ruling.

As a general rule, "[p]rocess shall be served by the sheriff of the county where the action is brought or where the defendant is found, or by his deputy, or by the marshal or sheriff of the court, or by his

deputy, or by any citizen of the United States specially appointed by the court for that purpose or by someone who is not a party and is not younger than 18 years of age and has been appointed as a permanent process server by the court in which the action is brought." OCGA § 9-11-4 (c). However, in *Abrams v. Abrams*, 239 Ga. 866 (239 SE2d 33), the Supreme Court, in concluding that it was not the legislative intent that a party could be appointed as an agent to serve process in his or her own case, pertinently cited the following principle of law: " 'The law has wisely entrusted the decision of disputes between citizens to persons wholly disinterested and free from bias and the acrimony of feeling so frequently, if not uniformly, engendered by litigation; and the same is equally true of the persons selected to execute the process necessary to the adjustment of such disputes.' " Id. at 868. Therefore, whether any citizen of our United States can validly serve a Georgia process requires not only that the person be specially appointed for such purpose but also that he be wholly disinterested in the outcome of the litigation and free from bias and acrimony within the meaning of *Abrams*, supra. In applying the principle announced in *Abrams*, supra, our Court has recognized "that the law has entrusted the decision of disputes to persons 'wholly disinterested' in the litigation, and this is equally true of the person selected to execute the process necessary to the adjustment of such dispute." *Dotson v. Luxtron, Inc.*, 155 Ga. App. 504, 505 (271 SE2d 644). Thus, in *Dotson* this Court concluded that the appellant/plaintiff's attorney "is not a person 'wholly disinterested' in the litigation," and "is not a proper person to serve process in [such] action." Id. Clearly "[b]oth [the *Abrams* and *Dotson*] holdings were based on the public policy of entrusting the execution of legal process only to persons " 'wholly disinterested' in litigation." *Don Pepe, Inc. v. Jmapco, Inc.*, 157 Ga. App. 216 (1) (276 SE2d 886); compare *Church v. Bell*, 213 Ga. App. 44 (443 SE2d 677) (deputy sheriff served process on sheriff contrary to public policy). Accordingly, the issue before us is not whether the attorney specially appointed, at the request of appellants' counsel, to serve process was retained and acting as attorney for appellants at the time of service but whether the attorney was a "wholly disinterested" party within the meaning of *Abrams*, *Dotson*, and *Don Pepe, Inc.*, supra.

On appeal an appellate court must construe the evidence most strongly to support the verdict and judgment (*Dept. of Transp. v. Hillside Motors*, 192 Ga. App. 637, 639 (2) (385 SE2d 746)), and every presumption and inference must be viewed in favor thereof to the extent that such can be reasonably drawn. See generally *Worn v. Sea-Cold Svcs.*, 135 Ga. App. 256 (3) (217 SE2d 425) and progeny. Moreover, "[a] preliminary hearing of defenses of lack of jurisdiction over the person[, improper service,] and improper venue whether made in

a pleading or by motion may be heard and determined by the court before trial on the application of any party. [Cits.] At such hearing factual issues shall be determined by the trial court." *Durdin v. Taylor*, 159 Ga. App. 675 (285 SE2d 51). On the issue of improper service, as timely raised in appellants' answer, "the court was the trier of fact. In the absence of legal error, an appellate court is without jurisdiction to interfere with a verdict supported by some evidence." Id. at 676; compare *Daughtry v. Chaney-Bush Irrigation*, 166 Ga. App. 708 (305 SE2d 439).

In granting appellee's motion to dismiss, the trial court made the following pertinent findings: "Because the [initial] service . . . on July 16, 1996, was in fact insufficient, on October 21, 1996, one week after the running of the statute of limitations, on plaintiff's motion, the court appointed [attorney McKinley] as special agent for service of process. The complaint was delivered by Ms. McKinley to the [appellee Bell] the same day. The court specifically incorporates into its findings of fact the facts contained in the affidavit prepared by plaintiff[s'] counsel dated October 29, 1996. The mere passage of time beyond the statute of limitations does not render service insufficient. The court further finds that [McKinley], an attorney at law, was hired to assist counsel for the [appellants/]plaintiff[s] on at least one occasion in this case. That assistance included faxing a consent order to defense counsel for his perusal. While this activity may have been a purely secretarial function, the fact that it was done from the offices of the plaintiff[s] by an attorney could reasonably lead persons to believe that Ms. McKinley in fact represented the plaintiffs. In fact, Ms. McKinley is an attorney who has been associated with plaintiff[s'] counsel on a case-by-case basis, including this very case. That fact prohibits her from serving process despite the court's order appointing her to serve process because she is not disinterested in the outcome of the case, *her affidavit notwithstanding*. The court finds that delay in the appointment of a special process server was not unreasonable. However, the court finds that, because of the relationship of the appointed process server to the plaintiffs in this case the attempted service of the defendant on October 21, 1996, was invalid. Therefore, the court grants the defendant's motion to dismiss." (Emphasis supplied.)

The trial court as trier of fact of this motion to dismiss for invalid service of process could make those findings of fact necessary in support of his determination and in doing so could weigh the evidence relevant to such factual issues under consideration and judge witness credibility pertaining to such issues. See *Durdin* and *Daughtry*, supra. Conversely, "[d]etermining witness credibility and weighing the evidence are not appellate court functions." *Horney v. Lawrence*, 189 Ga. App. 376, 378 (3) (375 SE2d 629). Rather this Court resolves

issues of legal error and evidence sufficiency. See *Parr v. Pinson*, 182 Ga. App. 707 (356 SE2d 740). Thus, this Court will not disturb the inherent findings of the trial court regarding the weight and credibility of the affidavit of McKinley.

At the onset we find that there does exist some evidence in the record forwarded on appeal to support the trial court's finding that attorney McKinley was not a totally disinterested party.

Additionally, appellants made an admission in judicio in their appellate brief (see generally *Arnold v. McKibbins*, 210 Ga. App. 262, 263 (1) (435 SE2d 685); *State v. Griffin*, 204 Ga. App. 459 (419 SE2d 528)) of the fact that "[a] hearing on the Motion to Dismiss was held on December 2, 1996 and *evidence* and argument *presented* by plaintiffs' and defendant's counsel." (Emphasis supplied.) Although, according to this admission, evidence was introduced at the hearing on the motion to dismiss, no transcript of this hearing has been forwarded to this Court for appellate consideration. "When a portion of the record is not before this court which is necessary for our determination of one or more of the appellate issues raised, an affirmance as to those issues must result." *Atlanta Cas. Ins. Co. v. Crews*, 197 Ga. App. 48, 51 (3) (397 SE2d 466); *Johnson v. Bruno's, Inc.*, 219 Ga. App. 164, 165 (4) (464 SE2d 259).

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 15, 1997.

*Jeffrey R. Sliz*, for appellants.
*Swift, Currie, McGhee & Hiers, Bradley S. Wolff*, for appellee.

