## A99A1268. CLARK v. DENNIS.
(522 SE2d 737)

MILLER, Judge.

The first question is whether evidence supported the trial court's finding that service was improper in an earlier action between these same parties. If service was improper, then the earlier action was void and could not serve as a basis for this renewal action.

Cory Clark suffered injuries when he fell out of LeRoy Dennis' truck in 1991. When Clark sued Dennis in 1992 to recover damages, Clark immediately served Dennis by having process left with Dennis' mother at her address on Rolling Hills Road. Dennis never responded to the complaint, and Clark voluntarily dismissed the action without prejudice in February 1997. Within six months Clark re-filed the action and had Dennis served personally. Dennis moved to dismiss on the ground that the two-year statute of limitation had run.[1]

After an evidentiary hearing, the court found that service in the original action was invalid because in 1992 Dennis was not living with his mother on Rolling Hills Road.[2] Concluding that the original action was void and could not serve as a basis for a renewal action under OCGA § 9-2-61 (a), the court applied the statute of limitation to the date the second action was filed and dismissed the case. Clark appeals, arguing that improper service made the first action voidable, not void, and thus did not invalidate it as a basis for the renewal action.[3] Because evidence showed that the Rolling Hills address was not Dennis' usual place of abode in 1992, and because improper service renders an action void, we affirm.[4]

1. In an attempted renewal action, "[t]he original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit. [Cits.]"[5] *Black v. Knight*,[6] cited by Clark for the proposition that lack of service makes the original action only voidable, did not so hold. If the original suit is void, then the second suit is not a renewal suit under OCGA § 9-2-61 (a) and cannot rely on the original suit's filing date for statute of limitation purposes.[7]

---

[1] See OCGA § 9-3-33.

[2] The court also held that service was improper because Dennis was a minor. But the parties stipulate on appeal that in fact Dennis was not a minor. Because the trial court's judgment was also based on the finding that Dennis did not reside at the Rolling Hills address, we proceed on the basis that a judgment "right for any reason" must be affirmed. See *Johnson v. Equicredit Corp.*, 238 Ga. App. 380, 381 (1) (517 SE2d 353) (1999).

[3] Cf. *Patterson v. Douglas Women's Center*, 258 Ga. 803, 804 (3) (374 SE2d 737) (1989).

[4] See *Wahnschaff v. Erdman*, 216 Ga. App. 355, 356 (454 SE2d 213) (1995) (trial court's finding that defendant resided elsewhere is upheld if there is some evidence to support it).

[5] *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).

[6] 231 Ga. App. 820 (499 SE2d 69) (1998).

[7] Id.

Here the only service in the original suit was to leave a copy of the complaint with Dennis' mother at an address where he did not reside. Such service is insufficient under OCGA § 9-11-4 (d) (7).[8] This rendered the original suit void and precluded use of its filing date for statute of limitation purposes in this second suit.[9]

2. Clark argues that because Dennis received actual notice of the original lawsuit from his mother, he waived the insufficiency of process defense when he failed to raise it in a defensive pleading to the original action. Without proper service in the original action, Dennis had no duty to file an answer or other responsive pleadings.[10] Since he did not file any pleadings, he did not omit or waive the defense.[11] Nor did his receipt of the summons and complaint from his mother cure or waive the service defect.[12]

The court did not err in dismissing the action.

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED SEPTEMBER 24, 1999 —
RECONSIDERATION DENIED OCTOBER 22, 1999 — 

*Carl A. Veline, Jr.*, for appellant.
*Hall, Booth, Smith & Slover, Robert L. Shannon, Jr.*, for appellee.

---

[8] *Osborne v. Hughes*, 200 Ga. App. 558, 559 (409 SE2d 58) (1991).

[9] Id.

[10] Cf. *Jones v. Roberts Marble Co.*, 90 Ga. App. 830, 833 (84 SE2d 469) (1954) (decided prior to Civil Practice Act).

[11] See *Dotson v. Luxtron, Inc.*, 155 Ga. App. 504, 505 (271 SE2d 644) (1980) (defendant who files no responsive pleadings preserves the defense of insufficient service). Compare *Meier v. Bennett*, 208 Ga. App. 688, 689 (431 SE2d 462) (1993) (defensive pleading that is filed without raising sufficiency of process waives issue).

[12] See *Dotson*, supra, 155 Ga. App. at 505; *Denny v. Croft*, 195 Ga. App. 871, 872 (2) (395 SE2d 72) (1990).