# Court of Appeals
# of the State of Georgia

ATLANTA, <u> September 19, 2025 </u>

*The Court of Appeals hereby passes the following order:*

## A26A0297. STEPHEN ATUNZU et al. v. GABLE X, LTD.

In this civil action, plaintiff Gordon James sued defendants Stephen and Simone Atunzu. The Atunzus later filed a third-party complaint against Gable X Cleaning Solutions and other defendants. Gable X filed a motion to dismiss for lack of personal jurisdiction and failure to state a claim, which the trial court granted only on the ground that it lacked personal jurisdiction over Gable X. The Atunzus then filed this appeal, and Gable X has filed a motion to dismiss the appeal. We agree that we lack jurisdiction.

As a general rule, a right of direct appeal lies from only a final judgment — that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final judgment. *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). For a party to obtain appellate review under such circumstances, there must be either an express determination by the trial court that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). See id. Where neither code section is followed, the appeal is premature and must be dismissed. Id.

Here, the Atunzus did not follow the procedures described above. They instead argue that the trial court's order is directly appealable because the court considered matters outside the pleadings and thus converted Gable X's motion to dismiss into a motion for summary judgment. See OCGA 9-11-12 (b). Generally, an order granting

summary judgment on any issue or as to any party is directly appealable. See OCGA § 9-11-56 (h). But only motions made under OCGA § 9-11-12 (b) (6), for failure to state a claim upon which relief can be granted, can be converted into a motion for summary judgment. See OCGA 9-11-12 (b); *Church v. Bell*, 213 Ga. App. 44, 45 (443 SE2d 677) (1994). Although Gable X filed a motion to dismiss under both OCGA § 9-11-12 (b) (2) & (6), the trial court granted the motion under only OCGA § 9-11-12 (b) (2), which governs lack of personal jurisdiction, not failure to state a claim. Thus, the motion to dismiss was not converted into a motion for summary judgment, and it therefore was not directly appealable.  See *Church*, 213 Ga. App. at 45; see generally *Laibe Corp. v. Gen. Pump & Well, Inc.*, 317 Ga. App. 827, 830-831 (1) (733 SE2d 332) (2012) (holding that while the trial court might have properly declined to consider evidence outside the pleadings for arguments made under OCGA § 9-11-12 (b) (6), it erred in failing to consider evidence related to arguments made under OCGA § 9-11-12 (b) (2) & (3), which would not have converted the motion to dismiss at issue into a motion for summary judgment) (physical precedent only).

For these reasons, Gable X's motion to dismiss is GRANTED and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*

  *Clerk's Office, Atlanta,  09/19/2025*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*