22099. BUICE v. T. & B. BUILDERS, INC. et al.
22100. BUICE v. BOTHWELL et al.

ARGUED JULY 8, 1963—DECIDED SEPTEMBER 5, 1963—
REHEARING DENIED SEPTEMBER 18, 1963.

*Bruce B. Edwards, Marvin O'Neal, Jr.,* for plaintiff in error.

*Harvey & Johnson, E. C. Harvey, John R. Cannon, Hutcheson & Kilpatrick, Kemp & Watson,* contra.

GRICE, Justice. These two cases result from a controversy over the erection of a county courthouse. A citizen and taxpayer, M. M. Buice, sought to enjoin payment by the county to the contractor and architects until an accounting was had as to expenditures of the county for the project.

His petition, in the Superior Court of Clayton County, seeking that relief was, upon general demurrers of T. & B. Builders, Inc., the contractor, and Eugene L. Bothwell and Richard R. Nash, the architects, dismissed as to them. Subsequently he filed two suits in the same court seeking to set aside the judgment sustaining the demurrers of those defendants in his former suit. These two petitions, which, except that the defendants are different, are identical in features material to this review, were likewise held subject to general demurrers and dismissed. Such rulings are the bases of the assignments of error in the two cases now before us.

In these two petitions, as amended, Buice alleged his filing of the former suit against the defendants here and numerous other parties, the sustaining of the general demurrers of the contractor and the architects in that suit, and the dismissal by the trial court of that suit as to them.

He further alleged that at the time of the hearing on such general demurrers in the former suit, the cause was moot as to the defendant contractor and the defendant architects since the only relief sought as to them was that they be enjoined from receiving any payments from the county of moneys due them for the courthouse work, and prior to the hearing the county had already paid them in full. Their counsel knew of such payment, "and they were bound and ought to have so informed the court prior to the hearing . . . and prior to the judgment . . . sustaining the same, but despite said . . . knowledge . . . that said money had been paid to them prior to January 17, 1962, they invoked rulings on said demurrer in a moot case and remained silent as to said fact of payment." Their actions rendered all proceedings after payment on January 8, 1963, moot, null, void and nugatory, and the invocation of such demurrer ruling by them "was an imposition, wrong and fraud upon the court and upon plaintiff and his counsel, and said matter, order and judgment sustaining the general demurrer are illegal and void and ought to be set aside, and the case dismissed by order of the trial court."

Plaintiff intends instituting an action against Clayton County requiring it to sue the defendants contractor and architects. Such action will involve the facts in his former suit which was thus dismissed upon general demurrer, and unless that judgment is set aside the defendants could and would plead it as res judicata in any suit against them by the county.

Plaintiff previously made unsuccessful efforts to obtain information from the defendant Clayton County and county commissioners as to payments to the defendants, but the same was not given until February 7, 1963. He has been diligent in bringing this action, and any delay was through the fault of the defendants.

He prayed that the judgments sustaining the general de-

murrers of the contractor and the architects in that former suit "be. vacated and set aside for the reasons set out in this petition."

To the petition in each case all defendants interposed general and special demurrers. Also, the defendant architects made an oral motion to dismiss the petition against them. The trial court sustained all such general demurrers, granted the motion to dismiss and dismissed the plaintiff's petition in both cases.

Included in the record is an entry of dismissal of the former suit by plaintiff's attorney, dated February 15, 1963. This dismissal recites that "after being informed in open court on January 17, 1963, by Clayton County, that the principal defendants had been paid the money on January 9, 1963, payment of which this suit was sought to enjoin and the case therefore becoming moot, plaintiff hereby dismisses the petition and process in this cause and without prejudice."

In support of his contention that these petitions to set aside the judgment in his former suit should not have been dismissed, the plaintiff relies upon Code § 37-219, which provides that "The judgment of a court of competent jurisdiction may be set aside by a decree, for fraud, accident, or mistake, or the acts of the adverse party unmixed with the negligence or fault of the petitioner," and Code § 37-709, which recites that "Fraud will authorize equity to . . . relieve against . . . judgments, and decrees obtained by imposition." To the same effect are Code §§ 37-220 and 110-710.

As we appraise the several questions thus raised, all of which have been urged in the briefs and oral arguments, only one of them need be determined. It lies at the very base of the petitions to set aside the judgment.

That question is whether such fraud is alleged as would entitle the plaintiff to the relief sought.

We have concluded it in the negative. The gist of the allegations on this vital issue is that at the hearing upon the demurrers the defendants' counsel knew that their clients had already been paid and that they should have then and there so informed the court, but instead that they invoked rulings upon their demurrers "in a moot case and remained silent as to said fact of payments." The charge is thus failure to speak, not false statement.

At that stage of the action diverse procedural possibilities and objectives lay before the parties in this adversary proceeding. For the plaintiff a dismissal of his petition as to these defendants upon the ground of mootness, instead of upon general demurrer, no doubt was preferable, since it would avoid the rigors of res judicata. But for these defendants a dismissal of the petition upon general demurrer, adjudicating that the petition failed to set forth a cause of action as to them, was desirable, because that would end the litigation.

In this situation the rule is that "The mere failure of a party to disclose to the court or to his adversary matters which would defeat his own claim or defense is not such a fraud as will justify or require a vacation of the judgment," approved and applied in *Young v. Young,* 188 Ga. 29 (2) (2 SE2d 622), and *Coker v. Eison,* 40 Ga. App. 835 (3) (151 SE 682). Cf. *Capital Bank of Macon v. Rutherford,* 70 Ga. 57 (2).

Under that rule the failure of defendants' counsel to communicate the fact of payment and suggest mootness, so that the court might enter judgment as the plaintiff preferred it, was not such fraud as would require vacation of the judgment in that former suit. The fact of payment was a matter of defense. If, as alleged, defendants' counsel knew of such payment, they were within their rights to refrain from mentioning it while consideration was being given to other reasons for dismissal of the petition upon general demurrer, namely, that it failed to set forth a cause of action.

The petitions to set aside the judgment in the plaintiff's former suit were subject to the general demurrers lodged against them.

*Judgments affirmed. All the Justices concur.*