24531. CARROLL et al. v. MORRISON.

ARGUED MARCH 12, 1968—DECIDED APRIL 8, 1968—
REHEARING DENIED APRIL 22, 1968.

*Marson G. Dunaway, Jr.,* for appellants.
*James I. Parker,* for appellee.

ALMAND, Presiding Justice. John O. Carroll and others brought an equitable petition against Mrs. Charlotte B. Morrison seeking to set aside a verdict and judgment obtained by the defendant against him in the City Court of Polk County. It was alleged that in a prior damage suit, here sought to be set aside, the defendant had sought to recover the market value of an automobile, and on the trial of the case she falsely and fraudulently testified as a witness that title to the automobile was in her and her husband when in truth and fact her husband was its sole owner. Further, plaintiffs alleged that "as a result of the false and fraudulent representations in her petition and her false and fraudulent testimony on oath that she was an owner of said vehicle and that her name was on the title papers and she was one of the purchasers, the defendant recovered a verdict and judgment against the plaintiff in the aforenamed action in the amount of $5,000, including the loss and damage to said automobile."

Plaintiffs prayed that the court restrain the defendant from

taking any steps to enforce the judgment of the City Court of Polk County against them.

At a hearing on December 12, 1967, the court denied the plaintiffs' prayer for an interlocutory injunction. At a hearing on January 10, 1968, on the defendant's motion for a summary judgment, the court, upon consideration of the pleadings and stipulation of facts, sustained the motion and entered a judgment for the defendant. On appeal the plaintiffs enumerate as error these two orders.

The sole ground upon which the plaintiffs seek to set aside the verdict and judgment is that on the trial of the damage suit in the City Court of Polk County, the defendant did falsely and fraudulently testify as a witness in her own behalf that the automobile was owned by her and her husband, where, as a matter of fact and in truth, the automobile was then owned solely by her husband. In the stipulation of facts on the hearings for an interlocutory injunction and the defendant's motion for summary judgment, a copy of a conditional sale contract dated December 30, 1963, for the automobile in question shows the sole purchaser to be "James R. Morrison." Paragraph 8 of the stipulation of facts provides: "Mrs. Charlotte B. Morrison did not wilfully and with knowledge of its falsity represent that she was a coowner of the automobile in question and that her and her husband's names were on the title papers, but did so in the belief that her representations were true."

*Code* § 26-4001 provides that perjury shall consist "in wilfully, knowingly, absolutely, and falsely swearing . . . in a matter material to the issue or point in question, in some judicial proceeding" under a lawful oath or affirmation. "Although a witness may have testified to a fact which was not true, yet if he believed it to be true at the time, he is not guilty of perjury. The intent to testify falsely and the falsity of the testimony given must both appear." *Thomas v. State*, 71 Ga. 252 (1). Knowledge either express or implied is absolutely indispensable in order to impute a wilful purpose to swear falsely. *Rowe v. State*, 99 Ga. 706, 712 (27 SE 710).

The allegations in the petition that the judgment obtained by the defendant be set aside "because of the fraud of defendant in

obtaining said verdict and judgment in that said defendant did falsely and fraudulently testify as a witness in her own behalf upon the trial of said case" are insufficient to allege fraud which would authorize a court of equity to set aside a former judgment. "The frauds for which the court may set aside a former judgment between the same parties are limited to matters which are extrinsic and collateral to the issue tried in the former case, and do not include fraud in procuring a judgment by false testimony (*Thomason v. Thompson,* 129 Ga. 440 (2) (59 SE 236); *Walker v. Hall,* 176 Ga. 12 (5) (166 SE 757))." *Elliott v. Marshall,* 182 Ga. 513 (2) (185 SE 831). See also *Pike v. Andrews,* 210 Ga. 553, 557 (81 SE2d 817), and *Young v. Young,* 188 Ga. 29 (2) (2 SE2d 622).

It thus appears without dispute, under the eighth stipulation of fact, that the defendant did not wilfully and knowingly testify falsely that she was a co-owner of the automobile. The sole ground of the plaintiffs' attack on the prior verdict and judgment being that the defendant was guilty of false and fraudulent testimony as a witness, the court properly denied an interlocutory injunction and granted the defendant's motion for summary judgment.

*Judgment affirmed. All the Justices concur.*