## 44589. MUTUAL OF OMAHA INSURANCE COMPANY v. MORRIS.

JORDAN, Presiding Judge. Morris sought to recover disability payments allegedly due under an insurance policy at the rate of $300 per month covering the period from June 15, 1967, to February 15, 1969, plus the statutory penalty and attorney's fees. After having obtained a release upon payment of $3,000 to the insured by a draft dated March 9, 1967, it appears that the insured, through an attorney, demanded $4,500 as additionally due under the policy, which, following negotiations, resulted in the delivery by letter of a draft for $4,500 to the attorney, with instructions to the effect that it was tendered in consideration of the surrender of the insurance policy, and would also involve the execution of a compromise settlement release. The writer specifically instructed the attorney that after getting "proper signatures on the attached compromise settlement release [that of the insured witnessed by the attorney] with surrender of policy, you may turn the draft over to Mr. Morris. Please mail the policy and release direct to me."

The executed "Compromise Settlement Release with Surrender of Policy" dated August 26, 1967, includes the statement that "It is further understood and agreed that the payment to me of the above specified sum [$4,500] and the acceptance of said sum by me, is done in, and as, a compromise, and that the same is and forever after shall be, a bar to any suit at law or otherwise upon said policy on account of said sickness, injury or disability, or anything resulting therefrom, and I further agree and understand that as a part of the considera-

tion for this settlement my policy is of no further force or effect." In returning the executed release and policy, however, the attorney stated in his letter that "in doing so we do not agree that the policy has lapsed or been canceled and it is still our position that it is in full force and effect under the premium waiver clause. . . It is our position that Mr. Morris has received no consideration for the surrender of his policy, or cancellation thereof, as he has only been paid the benefits he was entitled to from the beginning of his period of disability until June 15, 1967, and we herewith call upon your company to continue payment of his benefits so long as his disability continues, or until he receives the maximum benefit he is entitled to under the policy."

The insurer stopped payment on the draft, and the insured and his attorney instituted litigation to recover the amount of the draft.

The insurer deposited $4,500 with the court and this litigation was terminated by an "Order of Dismissal with Prejudice" which reads as follows:

"The parties, by and through their attorneys of record, having consented to the same, It is hereby considered, ordered and adjudged, that the defendant did receive the release dated August 26, 1967, signed by the plaintiff, Hosie C. Morris, and the insurance policy required by it as a consideration for defendant's draft for $4,500, as shown by the record, and ordered that the said release is valid according to all its terms and provisions. It is further ordered that plaintiffs' suit be dismissed with prejudice upon the clerk of court paying to plaintiffs the $4,500 deposited by the defendant with said clerk, and payment of all court costs by defendant." Pursuant to this judgment the insured received the $4,500 and the insurer paid the court costs.

In the present case the insurer, relying on the above judgment, moved for a directed verdict, which the court overruled, and following an adverse verdict, moved for judgment n.o.v. The present appeal is from the overruling of this motion. *Held:*

1. The consent order in the previous litigation involving the plaintiff and defendant in the present litigation, as well as the plaintiff's attorney, unreversed and not set aside, which recites that "the said release is valid according to all its terms and provisions" is conclusive on the plaintiff and defendant as to any claim under the policy, and in view of the

provisions of the release discharging the insurer from any further liability under the policy, and declaring that the policy is of no further force and effect, demands, as a matter of law, a judgment in favor of the insurer in the present case. See *Code* §§ 38-623, 110-501.

2. Moreover, "[t]he law favors a settlement of differences and a compromise of disputed claims between parties. It thus saves the time, expense, and trouble of litigation. It matters not if one party be right and the other wrong touching the validity of the original claim. The real consideration is in bringing about a settlement, preventing further annoyance, uncertainty and doubt, and to avoid, it may be, the uncertain results of a vexatious, troublesome, and expensive litigation. As far as our investigation has extended, the authorities are uniform and unbroken to the effect that when there is an honest difference of opinion between parties touching a disputed claim, and especially if the difference is of such a nature as to render it at all doubtful as to who is correct, any settlement or compromise of the differences will be enforced by the courts, and néither party will be allowed to defend by showing that he was right in his original contention." *Tyson v. Woodruff,* 108 Ga. 368, 372 (33 SE 981). Also, see *City Electric R. Co. v. Floyd County,* 115 Ga. 655, 657 (42 SE 45) ; *Preston v. Ham,* 156 Ga. 223, 234 (119 SE 658) ; *Folds v. Folds,* 187 Ga. 463, 466 (1 SE2d 4).

*Judgment reversed. Hall and Whitman, JJ., concur.*

ARGUED JULY 9, 1969—DECIDED OCTOBER 21, 1969.

*Bennett, Pedrick & Bennett, Larry E. Pedrick,* for appellant. *Jack J. Helms,* for appellee.