## 63070. GREAT ATLANTIC INSURANCE COMPANY v. MORGAN et al.

McMurray, Presiding Judge.

The factual basis for this action grew out of a fire loss with reference to certain Dairy Queens owned by Savannah Dairy Queen, Inc. and in which A. B. Morgan, Jr. and Euly T. Morgan are corporate officers and stockholders. Proofs of loss were submitted by the Morgans with reference to this fire loss, and Great Atlantic Insurance Company, the insurer, refused to pay same, contending certain contractual provisions in its insurance policies had been breached by the Morgans and there was no duty on the part of the insurer to pay same. The main contention of the insurer was that the fires were of incendiary origin and the Morgans had conspired to have the property in question burned.

After the insurer refused to pay the Morgans and the cor- poration they jointly sued the insurer seeking, inter alia, the fire damage suffered contending in that suit that they had cooperated fully with the defendant, supplying such information as needed and fulfilling all policy conditions precedent to payment. They also sought damages for bad faith, the statutory penalty and attorney fees for nonpayment.

The defendant answered admitting that it was a nonresident corporation approved to do business in the State of Georgia but otherwise denied the claim admitting, however, the contract of insurance provided certain coverage by affirmatively contending in several defenses that the fire referred to in that suit was "incendiary in origin in that the plaintiffs either personally or through agents caused or procured the fire to be set," and for this reason the policy of insurance was void, thus the plaintiffs had failed to comply with certain conditions precedent in that the fire referred to was incendiary in origin thereby voiding the policy, hence the defendants had no contractual obligation to the plaintiffs.

That case came on for trial and at the end of the first day of trial a settlement was reached in which a consent judgment was entered in favor of the Morgans and the corporation in the amount of $125,000. However, a certified copy of the record in that case discloses that the jury returned a verdict in favor of the plaintiffs and against the defendant in the amount of $125,000, and the judgment recites that the jury having returned this verdict, the verdict was made the

judgment of the court, said judgment being dated July 10, 1978, and filed on July 21, 1978.

Thereafter, the insurer filed an action (the case sub judice) in three counts seeking in Count 1 substantial equitable relief against the Morgans and Savannah Dairy Queen, Inc. to vacate and set aside the alleged consent judgment in the above case. It contended that its further investigation had disclosed the Morgans had conspired to intentionally set fire to the property involved therein, the proof of loss submitted by them thereby constituting a fraud perpetrated by said defendants, the same being of an actual and positive nature, done with the knowledge of the fraud, having concealed certain evidence of the incendiary origin of the fire and that said fraud prevented the plaintiff of properly defending itself of the obvious defense of arson, said acts of fraud being imputable thereto to the defendant corporation. It prayed that the judgment be set aside and that the plaintiff be awarded attorney fees and costs and such other just and equitable relief as the court deemed appropriate. Counts 2 and 3 sought monetary damages based upon the payment of the funds subsequent to the entry of the consent judgment allegedly improperly paid based upon the fraud of the defendants, and lack of entitlement to the funds, the same amounting to fraud and deceit as to Count 2 and conversion as to Count 3.

The defendants answered, inter alia, denying the claim and added an affirmative defense of estoppel by judgment. Separately, they filed a plea of res judicata contendng that all claims for fraud and deceit, that is, that the fire was incendiary in origin and that the defendants either personally or through agents caused or procured the fire to be set, had been raised by the insurer in defendants' (as plaintiffs') prior suit against the insurer and the plea should be sustained. While the suit was filed in the same court, yet a certified copy of the complaint, answer, verdict and judgment in the case in which the plaintiff sought to equitably vacate and set aside the judgment was filed in the case sub judice.

The defendants moved for summary judgment on the ground that there is no issue of material fact and they are entitled to judgment as a matter of law. Thereafter, considerable other affidavits and depositions with reference to the insurance claim and proof of loss and the alleged conspiracy to destroy the property were filed in opposition to the motion for summary judgment. The motion came on for a hearing in which the parties submitted briefs making certain admissions of facts therein, and the trial court, after setting forth the substance of the above facts with reference to the case, granted the motion for summary judgment as to all three counts. The plaintiff appeals. *Held:*

Based upon the legal findings of the trial court, we affirm the judgment. The trial court in its order set forth the contentions of the insurer, that is, as to the claim of fraud, alleged non-truths told by the defendants in their proof of loss statements and depositions and the fact that they did not admit to the court and insurer that they burned the stores. The court then set forth that the defendants had countered, that even assuming arguendo that the insurer had discovered evidence that the defendants burned the stores and lying about doing so, these allegations were necessarily adjudicated as being false in the prior judgment, and the judgment (a certified copy being set forth in the record) may be set aside only for extrinsic or collateral fraud and could not be set aside on the basis of intrinsic fraud. Code Ann. § 81A-160 (e) (Ga. L. 1966, pp. 609, 662; 1967, pp. 226, 239, 240; 1974, p. 1138) provides that a complaint in equity may be brought to set aside a judgment for fraud, accident or mistake, or the acts of the adverse party unmixed with the negligence or fault of the complainant. Code § 37-220 provides that equity will interfere to set aside a judgment of a court having jurisdiction "only where the party had a good defense of which he was entirely ignorant, or where he was prevented from making it by fraud or accident, or the act of the adverse party, unmixed with fraud." The trial court held that such fraud, referred to above, in order to set aside a judgment must be fraud which was extrinsic to the judgment attacked, citing *Thomason v. Thompson,* 129 Ga. 440 (2) (59 SE 236), that the issues of fraud were already raised in the case in which judgment was sought to be set aside, and that particular fraud was the issue in that case. See in this connection *Frost v. Frost,* 235 Ga. 672, 675 (221 SE2d 567); *Carroll v. Morrison,* 224 Ga. 277, 279 (161 SE2d 269); *Tinsley v. Maddox,* 176 Ga. 471 (6) (7) (8), 482-485 (168 SE 297); *Walker v. Hall,* 176 Ga. 12 (5), 15-16 (166 SE 757). The court held that the judgment could not be set aside for concealment of facts, which if revealed, would have constituted a good defense for the adverse party where there was no legal duty of the opposing party to disclose those facts. *Young v. Young,* 188 Ga. 29 (2), 34 (2 SE2d 622); *Kitchens v. Clay,* 224 Ga. 325, 327 (161 SE2d 828); *Poole v. McEntire,* 209 Ga. 659, 663 (2) (75 SE2d 20); *Buice v. T. & B. Builders, Inc.,* 219 Ga. 259, 261-262 (132 SE2d 784).

The trial court also held that even though the judgment sought to be set aside was a consent judgment, yet it had the same force and effect as any other judgment; and for the type of fraud which would enable a court of equity to set aside the judgment it must be extrinsic fraud rather than intrinsic. The court then held that it was not based upon forged documents and there was no confidential relationship between the parties, insurer and insured, their relationship being one

of antagonistic interests. See *Clinton v. State Farm Mut. Auto. Ins. Co.,* 110 Ga. App. 417 (2b), 423-424 (138 SE2d 687). Further, the act of fraud complained of was either known or could have been known at the time of the prior judgment and could not now be urged in the second proceeding. See *Gray v. Hall,* 233 Ga. 244, 247 (210 SE2d 766). The consent judgment has been held to be entitled to res judicata under the circumstances here. See *McCook v. Beck,* 138 Ga. App. 351, 352 (226 SE2d 72); *Mutual of Omaha Ins. Co. v. Morris,* 120 Ga. App. 525 (171 SE2d 378); *Allen v. Withrow,* 215 Ga. 388, 390 (110 SE2d 663). Compare *Blakely v. Couch,* 129 Ga. App. 625, 628 (200 SE2d 493). The court then held that the judgment sought to be set aside was entitled to res judicata because the cause of action in both suits was the same. See *Blakely v. Couch,* 129 Ga. App. 625, supra; *Smith v. Wood,* 115 Ga. App. 265 (1), 267 (154 SE2d 646); *Sumner v. Sumner,* 186 Ga. 390 (2) (197 SE 833). However, if the second suit be held to be based upon a different cause of action than was the first suit it would be precluded on grounds of collateral estoppel as to matters which were actually decided in the former suit rather than res judicata. See *Usher v. Johnson,* 157 Ga. App. 420, 421-423 (278 SE2d 70); *Spence v. Erwin,* 200 Ga. 672 (1) (38 SE2d 394); *Price v. Winn,* 142 Ga. App. 790, 791 (1) (237 SE2d 409).

It makes no difference in the case sub judice whether the judgment of the trial court is based upon the plea of res judicata or of estoppel by judgment. There is no merit in the enumeration of error that the trial court erred in granting summary judgment in favor of the defendants. The consent judgment amounted to either collateral estoppel or res judicata under the pending action in three counts.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 9, 1982 —
REHEARING DENIED MARCH 17, 1982 —

*Luhr G. C. Beckmann, Jr., Brent J. Savage, Andrew J. Hill III,* for appellant.
*Charles B. Mikell, Jr., David R. Smith,* for appellees.