### 66465. McDANIEL et al. v. COLONIAL MORTGAGE SERVICE COMPANY et al.

DEEN, Presiding Judge.
Appellants Marshall T. and Inez J. McDaniel brought this action against appellees Colonial Mortgage Service Company, Intercounty Title Company, Frank K. Haley, Perry E. McClung, Charles A. Corley and Winfred R. Franks. The complaint alleged that the McDaniels had suffered irreparable injury through the tortious acts and fraud of these defendants, which caused the foreclosure and loss of their residential property. General and special damages in the amount of $280,000, punitive damages of $1,000,000 and attorney fees of $1,000,000 were sought. Each appellee-defendant moved for summary judgment on various grounds including the applicable statute of limitation, res judicata and failure to state a claim upon which relief could be granted, all of which were sustained. On appeal error is asserted in the grant of summary judgment to Colonial, Intercounty, Haley and McClung.

The undisputed facts of record disclose that on November 21, 1972 one Charles Lee McGinnis conveyed by warranty deed to Marshall T. McDaniel an improved one acre tract of land along Cogburn Road in Fulton County. Franks, who was working for Corley as a registered land surveyor, was hired by the mortgagee or its closing attorney (neither of whom are parties to this suit) to survey this property for purposes of securing a loan to Mr. McDaniel to purchase it. This plat was the basis for the legal description in the loan transaction. On November 27, 1972 Mr. McDaniel conveyed to Mrs. McDaniel an undivided one-half interest in this property by

warranty deed containing a legal description identical to the one in the McGinnis-to-McDaniel warranty deed.

Some three years later the McDaniels applied to Colonial for a Veterans Administration loan to refinance the purchase of this property, the refinance transaction being completed on January 15, 1976. Haley was retained by Colonial, a Pennsylvania corporation, to represent it as a Georgia attorney and as president of Intercounty in closing the refinanced sale. McClung was hired by them to perform a survey as required by the VA, but McClung's survey was received too late to use and the legal description on the deed to secure debt was carried down again from the 1972 McGinnis-to-McDaniel-to-McDaniel documents. The McDaniels had been covered by owner's title insurance in the previous transactions and requested such insurance coverage again. However, the only cost indicated on the "Disclosure/Settlement Statement" issued by Colonial and Intercounty, which was read and signed by the McDaniels in accepting the terms of the loan, was for lender's coverage.

It appears that from the inception of the Colonial loan, the refinancing transaction was fraught with difficulties. Monthly payments the McDaniels claimed were made according to instructions from various Colonial employees were not credited to their account, and despite the diligent efforts of Mrs. McDaniel and VA officials the problems were not resolved. Mr. McDaniel had suffered a severe heart attack and was hospitalized near death for an extended period during this time. After writing demand letters for almost a year Colonial instituted foreclosure proceedings and after foreclosure, on May 3, 1977, the property was auctioned to Colonial. The McDaniels had obtained counsel to represent them in resisting the proceedings and offered to repurchase the foreclosed property, but made no effort to enjoin or set aside the foreclosure.

Later in 1977, when Colonial attempted to transfer title to the property, it discovered that the legal description of the property in its documents was incorrect and Haley, on Colonial's behalf, requested the McDaniels to execute a corrective deed. Upon the McDaniels' refusal to do so Colonial then brought a suit in equity to reform the inaccurate description carried forward from the prior conveyances. During the pendency of the equitable proceedings, Colonial also instituted a dispossessory action against the McDaniels, in which they entered into a consent order to vacate the premises. Colonial filed a motion for summary judgment in the equitable proceedings, based upon the facts set forth above, which was granted. On December 23, 1980, the McDaniels filed the instant action. While raising essentially the same issues litigated in the three 1977

proceedings, the thrust of the McDaniels' claim appears to be that the negligent and fraudulent conduct of these defendants in concealing the defect in their title and failing to insure them against such defect prevented them from obtaining another loan with which they could have paid Colonial and avoided foreclosure.

Issues which were raised as defenses and adjudicated on the merits in previous lawsuits are conclusive and barred under the doctrines of res judicata and estoppel by judgment in a subsequent action by the former defendants. *Usher v. Johnson,* 157 Ga. App. 420 (278 SE2d 70) (1981). Nor may these doctrines be avoided merely by requesting different relief in the subsequent suit. *Caswell v. Caswell,* 162 Ga. App. 72 (290 SE2d 171) (1982). Since each of the previous lawsuits arose from the same transaction, i.e., the refinancing of the mortgage loan with Colonial on January 15, 1976, the doctrine of res judicata is controlling. OCGA § 9-12-40 (Code Ann. § 110-501); *Spence v. Erwin,* 200 Ga. 672 (1) (38 SE2d 394) (1946); *Turpin v. North American Acceptance Corp.,* 119 Ga. App. 212 (2) (166 SE2d 588) (1969). Thus all allegations of negligent and tortious conduct against the present appellees in the suit filed by the McDaniels on December 23, 1980, if not precluded by res judicata, are barred by the applicable statutes of limitation. OCGA §§ 9-3-30 through 9-3-33 (Code Ann. §§ 3-1001—3-1004); *Jankowski v. Taylor, Bishop & Lee,* 246 Ga. 804 (273 SE2d 16) (1980).

Even though allegations of fraud were first presented by amendment to the complaint in the instant suit, the acts complained of were also "either known or could have been known at the time of the prior judgment[s] and could not now be urged in the [fourth] proceeding. [Cit.]" *Great Atlantic Ins. Co. v. Morgan,* 161 Ga. App. 680, 683 (288 SE2d 287) (1982). Therefore, even assuming that the complaint stated an actionable claim against the appellees, summary judgment was demanded in their favor. *Frates v. Sutherland, Asbill & Brennan,* 164 Ga. App. 243 (1, 3) (296 SE2d 788) (1982); *Riddle v. Driebe,* 153 Ga. App. 276 (265 SE2d 92) (1980).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 6, 1983.

*John E. Wallace, Jr., Tony H. Hight,* for appellants.
*Richard L. Shackleford, Stanley E. Kreimer, Jr., Eugene E. Lawson, Edwin S. Kemp, Jr., Jeffrey M. Smith, Robert N. Meals,* for appellees.