68106. ALL RISK INSURANCE AGENCY, INC. v. ROCKBRIDGE SANITATION COMPANY et al.

BENHAM, Judge.

Appellant filed a complaint against appellee and its president and sole stockholder, James Babb. The trial court granted appellee's motion to dismiss for insufficiency of service of process, and this appeal resulted.

The complaint identified Babb as the corporate defendant's agent for service of process and gave a Gwinnett County address at which service might be perfected. A North Carolina address was given as the place for perfection of service on the individual defendant, Babb. Babb was personally served in North Carolina; however, the return of service for appellee states that appellee was served through an employee of Complete Refuse Company, not a party to the action. Appellant and appellee later stipulated that appellee had ceased doing business prior to the filing of the instant complaint. Appellant argues that the perfected service on Babb in North Carolina was sufficient to serve as perfected service on appellee through Babb, its registered agent.

In a case in which a corporate defendant was properly served through an individual, as agent for the corporation, but the individual was not personally served as an individual defendant, this court ruled that the court did not have personal jurisdiction over the individual to enter judgment against him. *Greene v. First Lease, Inc.*, 152 Ga. App. 605 (263 SE2d 483) (1979). "In the case at bar, there is no return of service for the defendant [appellee Rockbridge Sanitation]. There is only a return of service for defendant [Babb]. A return of

service of process on another party defendant [Babb] is not proof of proper service of process on defendant [Rockbridge Sanitation] for [which] there is no return of service." Id. p. 606. See also *Gibbs v. Rhodes Furniture Co.*, 58 Ga. App. 352 (2) (198 SE 315) (1938). The cases cited by appellant are inapposite to the case at bar because they are concerned with situations where the court wrestled with the question of whether service on an agent was sufficient when a corporation was the sole defendant. None of the cases appellant cites concerns a corporate defendant and an individual defendant where only one of the two is served.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JUNE 26, 1984.

*Glenville Haldi*, for appellant.
*Charles A. Mullinax*, for appellees.