A94A1950. V. I. P. HOMES, INC. et al. v. WEADER et al.
(454 SE2d 548)

BIRDSONG, Presiding Judge.

V. I. P. Homes, Inc., and Mahlon Jay Hyatt appeal a judgment on a jury verdict in favor of Gene E. Weader and Donna I. Weader. Appellees' action was based upon fraud connected with the ownership of a mobile home which appellants sold them.

The record shows that after appellees filed suit, appellant Hyatt filed a Chapter 7 bankruptcy. Appellees then filed an adversary proceeding against Hyatt seeking a determination that Hyatt's actions were fraudulent and asking the bankruptcy court to render a verdict for actual and punitive damages. The bankruptcy court, however, did not award this relief. Instead, the bankruptcy court denied discharge to Hyatt and dismissed appellees' counterclaim because it was stipulated as moot.

When appellants did not appear for trial, the trial court entered judgment in favor of appellees. Thereafter, appellants moved to set aside this judgment alleging that they did not receive timely notice of the trial date and also asserting res judicata because the bankruptcy failed to award the appellees the damages they sought. The trial court denied the motion to set aside on res judicata grounds because it found that the bankruptcy court did not adjudicate the issues raised in the present action, but the trial court still set aside the judgment because appellants were not notified of the trial date.

Thereafter, a jury trial was held and the jury returned a verdict in favor of appellees. *Held*:

1. The trial court did not err by denying appellants' motion based on res judicata. "A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside." OCGA § 9-12-40. Although appellees' claims were originally put in issue in the bankruptcy court, pursuant to the stipulation of the parties they were dismissed as moot when the bankruptcy court denied discharge to Hyatt. As a result, the bankruptcy court did not consider the merits of these claims, but instead, dismissed the claims on a procedural basis before appellees had the full opportunity to litigate their claim on the merits. "For a prior action to bar a subsequent action under the doctrine of res judicata, several requirements must be met: The first action must have involved an adjudication by a court of competent jurisdiction; the two

actions must have an identity of parties and subject matter; and the party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action." (Citations omitted.) *Fowler v. Vineyard*, 261 Ga. 454, 455-456 (405 SE2d 678). Because appellees did not have a full and fair opportunity to litigate their claim, res judicata did not apply. Moreover, even if res judicata would have applied, it would not have extended to V. I. P. Homes, Inc., as the bankruptcy action concerned only Hyatt. Accordingly, the trial court did not err by denying appellants' motion to dismiss.

2. The second enumeration of error contends the trial court erred, as a matter of law, by failing to grant appellants' motion for a directed verdict at the conclusion of appellees' case. The transcript shows appellants' motion for directed verdict asserted lack of detrimental reliance by appellees because they failed to make a written request for a statement of title on the mobile home under OCGA § 40-3-57.

When determining whether a trial court erred by denying appellants' motion for a directed verdict, this court reviews and resolves the evidence and any doubts or ambiguities in favor of the verdict. "A directed verdict . . . is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, *demands* a certain verdict." (Citations and punctuation omitted.) *Southern Store &c. Equip. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268). Further, after a jury verdict is approved by the trial court, the judgment, which is supported by the evidence, will not be disturbed on appeal unless there is a material error of law. *Smith v. Clifford H. Pryor &c.*, 193 Ga. App. 523, 524 (388 SE2d 383); *Archer Motor Co. v. Intl. Bus. Invest.*, 193 Ga. App. 86, 88 (386 SE2d 918). In this instance appellees maintained that they were unaware that Hyatt, as owner, and V. I. P. Homes, as lienholder, were not the only parties with interest in the mobile home, and therefore a question of fact exists on whether they even knew that another party might be involved. Moreover, "[q]uestions of fraud, the truth and materiality of representations made by a seller, and whether the buyer[s] could have protected [themselves] by the exercise of proper diligence are, except in plain and indisputable cases, questions for the jury." (Citation and punctuation omitted.) *del Mazo v. Sanchez*, 186 Ga. App. 120, 127-128 (366 SE2d 333). Further, whether the facts and circumstances established actionable fraud is itself within the province of the jury. *Marshall v. W. E. Marshall Co.*, 189 Ga. App. 510, 513 (376 SE2d 393). Therefore, a jury question was presented.

*Judgment affirmed. Blackburn and Ruffin, JJ., concur.*

DECIDED FEBRUARY 6, 1995 —
RECONSIDERATION DENIED FEBRUARY 27, 1995.

*Powell & Tante, Joseph W. Powell II,* for appellants.
*William J. Mason,* for appellees.