## A01A1512. CHANG v. BANK OF AMERICA.
(554 SE2d 765)

MILLER, Judge.

In March 2000, plaintiff brought a Georgia Racketeer Influenced & Corrupt Organizations (RICO) Act action and other claims against defendant arising out of actions taken in the summer of 1995. The court dismissed all claims on the ground that the applicable statutes of limitation had run. The question on appeal is whether the court erred in dismissing the RICO claim, pursuant to a five-year statute of limitation. We find the trial court committed error in dismissing the claim and therefore reverse that part of the order.

Vincent Chang hired David Beal to complete certain improvements to his home. Bank of America, which provided Chang a loan for the improvements, was to disburse the loan proceeds to Beal when the project was complete. On August 3, 1995, the bank disbursed to Beal $37,000 of the $38,000 loan. Beal failed to complete the project, and the work that was done was substandard. On March 10, 2000, Chang filed a complaint[1] against the bank, alleging fraud, conversion, and violation of Georgia's RICO Act.[2] Chang did not effect service on the bank until July 17, 2000.

Arguing the applicable statutes of limitation had run, the bank filed a motion to dismiss all counts in Chang's complaint, which motion the trial court granted. On appeal Chang challenges only the dismissal of his RICO claim.

Georgia RICO actions "may be commenced up until five years after the conduct . . . terminates or the cause of action accrues."[3] We

---

[1] Chang apparently also joined another suit arising out of these facts, but that suit is not relevant to our decision.

[2] See OCGA § 16-14-1 et seq.

[3] OCGA § 16-14-8.

have interpreted this to mean "when the plaintiff discovers, or reasonably should have discovered, that he has been injured and that [the] injury is part of a pattern."[4]

In this case Chang's alleged cause of action accrued, at the earliest, in August 1995 when the bank deposited $37,000 into Beal's account even though no disbursements were to be made until the project was completed. Although Chang and Beal entered into the contract in July 1995, at that time Chang had not discovered nor should have discovered any injury. Chang's filing of the complaint in March 2000 and service in July 2000 were both within five years of when the alleged action accrued in August 1995. Therefore, Chang's RICO claim was improperly dismissed on statute of limitation grounds. As the dismissal of the other claims is not challenged, we affirm the remainder of the order.

*Judgment affirmed in part and reversed in part. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED SEPTEMBER 17, 2001.

*Jeffrey L. Sakas,* for appellant.
*Parker, Hudson, Rainer & Dobbs, Erika C. Birg, William J. Holley II,* for appellee.

---

[4] (Punctuation omitted.) *Cobb County v. Jones Group*, 218 Ga. App. 149, 154 (8) (460 SE2d 516) (1995), citing *Blalock v. Anneewakee, Inc.*, 206 Ga. App. 676, 678 (1) (426 SE2d 165) (1992).