A03A0972. KIDD et al. v. FIRST COMMERCE BANK et al.
(591 SE2d 369)

MIKELL, Judge.

Verner L. Kidd and Gwendolyn E. Kidd filed a pro se action in 1998 against First Commerce Bank ("FCB"), Boswell Oil Company, Inc. ("BOC"), and their presidents, asserting violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), OCGA § 16-14-1 et seq., tortious interference with business relations, intentional infliction of emotional distress, and wrongful foreclosure. The Kidds

---

[1] Cundy subsequently dismissed with prejudice her claim that was based upon the March 2001 incident.

voluntarily dismissed the suit on July 5, 2000, and refiled it on January 4, 2001, against FCB and BOC only. The defendants moved for summary judgment and dismissal. The trial court granted their motions, and the Kidds appeal. We affirm under the "right for any reason" rule.

1. In two enumerations of error, the Kidds challenge the trial court's finding that FCB and BOC were not properly served in the 1998 action. "When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service."[1] However, the trial court acts as factfinder on this issue,[2] and we will not disturb the court's findings if there is any evidence to support them.[3]

In the case at bar, the evidence supports the trial court's findings. The 1998 complaint provided addresses for service of process upon all four defendants. But only the presidents of FCB and BOC were served, and the box marked "Personal" was checked on the returns of service for both individuals.[4] In addition, an affidavit given by the Clerk of the Superior Court of Jackson County reflects that no other defendants were served in that action. After the defendants presented this affidavit, the burden shifted to the Kidds to present evidence that the corporations were served. This they failed to do.[5]

The Kidds argue that service upon the presidents constituted service on the corporations by virtue of OCGA § 9-11-4 (e) (1), which provides that in actions against a corporation, service shall be made by delivering a copy of the summons and complaint to the president or other officer. However, this Court has held that when a return of service has not been filed showing service upon the corporate defendant, proof of service on the president is inadequate. In *All Risk Ins. Agency v. Rockbridge Sanitation Co.*,[6] we held that service upon the president and sole stockholder did not confer jurisdiction over the corporation, for which there was no return of service.[7] Thus, in the case at bar, we conclude that, absent returns of service for the corporate defendants in the 1998 action, they were not properly served through their presidents within the meaning of OCGA § 9-11-4 (e) (1).

---

[1] (Punctuation and footnote omitted.) *Wilkinson v. Udinsky*, 242 Ga. App. 464, 465 (1) (530 SE2d 215) (2000).

[2] *Thorburn Co. v. Allied Media of Ga.*, 237 Ga. App. 800, 802 (1) (516 SE2d 833) (1999).

[3] *Hardin Constr. Group v. Fuller Enterprises*, 233 Ga. App. 717, 721-722 (2) (505 SE2d 755) (1998).

[4] Compare *B-X Corp. v. Fulton Plumbing Co.*, 140 Ga. App. 131 (1) (230 SE2d 331) (1976) (return specified that marshal served corporation by leaving process with agent in charge, who was president).

[5] *Wilkinson*, supra.

[6] 171 Ga. App. 357 (319 SE2d 527) (1984).

[7] Id. at 357-358.

The cases cited by the Kidds, on the other hand, are distinguishable. In *Todd's Constr. Co. v. Trusco Leasing*,[8] a deputy sheriff testified that he served the defendant corporate president with "all copies" of the complaint at an office of the defendant corporation.[9] The issue in *Trammel v. Nat. Bank of Ga.*[10] was whether defendant's 12-year-old daughter was "a person of suitable age and discretion" within the meaning of OCGA § 9-11-4 (e) (7)'s predecessor statute.[11] It has no relevance here.

2. In their third enumeration, the Kidds assert that the trial court erred in ruling that the 2001 suit was not a valid renewal action. OCGA § 9-2-61 (a) permits the renewal of an action after its dismissal by filing a new complaint "within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later. . . ." But the privilege of dismissal and renewal does not apply to actions which are void for lack of proper service.[12] In this case, the original suit was void as to FCB and BOC for lack of proper service. Although our research has revealed no case precisely on point, we conclude that where, as here, the only defendants named in the attempted renewal action were never served with the original suit, the privilege of renewal does not apply. Therefore, because FCB and BOC were not served in the 1998 suit, the trial court correctly concluded that it could not be renewed as to those defendants and that the Kidds could not rely on the 1998 filing date for statute of limitation purposes.

3. Based on our holding in Division 2, we conclude that the trial court correctly held that the Kidds' tortious interference and emotional distress claims were time-barred. In their appellate brief, the Kidds state that their tortious interference claim accrued on May 15, 1996. Thus, the four-year statute of limitation[13] governing this claim expired before January 4, 2001, when suit was filed. The Kidds' brief also states that their emotional distress claim accrued on August 3, 1998. Since that claim must be brought within two years after the right of action accrues, OCGA § 9-3-33, it too is time-barred.

The Kidds argue that the limitation periods are tolled by the defendants' fraud and that their actions constituted a continuing tort. Because these arguments were not raised in the trial court, we

---

[8] 140 Ga. App. 452 (231 SE2d 477) (1976).

[9] Id. at 453 (1).

[10] 159 Ga. App. 850 (285 SE2d 590) (1981).

[11] Id. at 851 (1).

[12] *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994); *Campbell v. Coats*, 254 Ga. App. 57 (561 SE2d 195) (2002); *Clark v. Dennis*, 240 Ga. App. 512 (1) (522 SE2d 737) (1999).

[13] OCGA § 9-3-31.

will not consider them. "One may not . . . on appeal raise questions or issues neither raised nor ruled on by the trial court."[14]

4. The Kidds argue that the trial court erred in ruling that "certain" claims were barred by res judicata and collateral estoppel. However, the trial court did not make this express ruling. But, because the trial court made factual findings appropriate to such a ruling and all parties have briefed the issue, we will address it in the interest of judicial economy. In this regard, we review only so much of the tortured history of the litigation between these parties as is essential to the disposition of this enumeration of error.

The Kidds contend that from November 1989 until May 1995, the defendants conspired to create fraudulent loan documents, resulting in the wrongful foreclosure of their commercial and residential properties. The record shows that they asserted a fraud claim as early as 1996, when they filed a complaint in superior court seeking an injunction to prevent foreclosure. In denying the injunction, the court rejected the fraud claim. The Kidds then filed for bankruptcy protection. In 1998, BOC's predecessor in interest was granted relief from the automatic stay in order to initiate foreclosure and repossession proceedings, and the Kidds' case was dismissed. The Kidds filed a second bankruptcy petition, which was also dismissed. BOC foreclosed on their residence on August 6, 1999. The Kidds refused to vacate, and BOC filed a dispossessory action in state court. In their answer and counterclaim, the Kidds asserted virtually the same claims that are the subject of the instant appeal. Because the Kidds also prayed for injunctive relief, the matter was transferred to superior court. When the case came on for a hearing, the Kidds failed to appear, and the court granted the writ of possession. The court also granted BOC's motion to dismiss the counterclaim without prejudice under the belief that the issues remained pending before the bankruptcy court.

> The doctrine of res judicata prevents re-litigation of matters that were or could have been litigated in a previously-adjudicated action. In order for res judicata to bar a subsequent action, it must be established that an identity of parties and subject matter exist between the two actions, and that a court of competent jurisdiction entered an adjudication in the earlier action.[15]

[14] (Punctuation and footnote omitted.) *Johnson v. First Union Nat. Bank*, 255 Ga. App. 819, 820-821 (1) (567 SE2d 44) (2002).

[15] (Citation omitted.) *Dillard-Winecoff, LLC v. IBF Participating Income Fund*, 250 Ga. App. 602, 605 (4) (552 SE2d 523) (2001).

(a) *The RICO claim*. The Kidds first asserted a RICO claim in their 1998 complaint, which they dismissed, and again in the complaint which formed the basis of the instant appeal. The dismissal of the Kidds' counterclaim in the dispossessory action does not have res judicata effect because it was not an adjudication on the merits.[16] And we express no opinion on whether the bankruptcies preclude the RICO claim[17] or whether it is barred by the five-year statute of limitation.[18] However, the predicate acts alleged to form the basis of the claim were asserted in the 1996 answer and counterclaim. Therefore, the trial court's 1996 order denying injunctive relief and specifically rejecting the Kidds' fraud claim precludes them from reasserting it in the form of a RICO action.[19]

(b) *The wrongful foreclosure claim*. The trial court ruled that this claim was barred by laches. "[C]ourts of equity may interpose an equitable bar whenever, from the lapse of time and laches of the complainant, it would be inequitable to allow a party to enforce his legal rights."[20]

> Whether laches should apply depends on a consideration of the particular circumstances, including the length of the delay in the claimant's assertion of rights, the sufficiency of the excuse for the delay, the loss of evidence on disputed matters, the opportunity for the claimant to have acted sooner, and whether the claimant or the adverse party possessed the property during the delay. These factors are relevant because laches is not merely a question of time, but principally a matter of inequity in permitting the claim to be enforced.[21]

In its ruling, the trial court considered only the amount of time that elapsed between the foreclosure and the filing of the 2001 complaint. The court erred in failing to consider all of the relevant factors, particularly prejudice to the defendants stemming from a delay in filing the claim.[22] However, remand is unnecessary, because a summary judgment right for any reason will be affirmed.[23] Summary judgment should have been granted on the ground

---

[16] OCGA § 9-11-41 (b); *Idowu v. Lester*, 176 Ga. App. 713 (1) (a) (337 SE2d 386) (1985).

[17] See, e.g., *Dillard-Winecoff*, supra.

[18] OCGA § 16-14-8; *Chang v. Bank of America*, 251 Ga. App. 577 (554 SE2d 765) (2001).

[19] See *McDaniel v. Colonial Mtg. Svc. Co.*, 167 Ga. App. 717, 719 (307 SE2d 279) (1983).

[20] OCGA § 9-3-3.

[21] *Swanson v. Swanson*, 269 Ga. 674, 676 (2) (501 SE2d 491) (1998).

[22] See *City of Dalton v. Carroll*, 271 Ga. 1 (515 SE2d 144) (1999) ("Among the factors to consider . . . are the length of the delay, the reasons for it, the resulting loss of evidence, and the prejudice suffered.").

[23] *Kaylor v. Atwell*, 251 Ga. App. 270, 272 (2) (553 SE2d 868) (2001).

that the claim was barred by res judicata. "[T]he party against whom the doctrine of res judicata is raised must have had a full and fair opportunity to litigate the issues in the first action."[24] The Kidds had an opportunity to litigate this claim when they sought an injunction to prevent the foreclosure, as evidenced by the portions of the transcript of the hearing in that case that have been included in the record on appeal.[25]

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 13, 2003 —
RECONSIDERATION DENIED DECEMBER 4, 2003 — 

*Larry E. Blount*, for appellants.
Verner L. Kidd, *pro se.*
*Blasingame, Burch, Garrard & Bryant, Thomas H. Rogers, Jr., Fortson, Bentley & Griffin, Roy E. Manoll III*, for appellees.

---

[24] (Citations omitted.) *Simmons v. Regions Bank*, 255 Ga. App. 824, 826 (1) (567 SE2d 49) (2002).
[25] See *Willis v. Nat. Mtg. Co.*, 235 Ga. App. 544, 546 (1) (509 SE2d 403) (1998) (physical precedent only).