**SECOND DIVISION**
**MILLER, P. J.,**
**MARKLE and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 23, 2024**

# In the Court of Appeals of Georgia

A24A0558. STATE v. JONES.

LAND, Judge.

In this case, the State appeals from the trial court's dismissal of several misdemeanor traffic offenses as barred by the statutes of limitation, arguing that the trial court erred by incorrectly calculating the tolling period established by the Supreme Court of Georgia's orders establishing and extending a statewide judicial emergency during the COVID-19 pandemic. We agree and reverse.

Iqukema Jones was arrested on June 7, 2020 in connection with a traffic accident in Marietta. On March 21, 2023, more than two years after the incident, the State filed accusations against Jones for less-safe driving under the influence of alcohol

(DUI) and other misdemeanor traffic offenses. The accusations included the following language regarding the tolling of the statute of limitations:

> [A]s to the offense(s) charged herein, the period in which a prosecution must be commenced under OCGA § 17-3-1 and other applicable statutes does not include the dates beginning March 14, 2020, and ending June 30, 2021, pursuant to the Supreme Court of Georgia Order Declaring Statewide Judicial Emergency issued on March 14, 2020, and subsequent Orders Extending Declaration of Statewide Judicial Emergeny issued on April 6, May 11, June 12, July 10, August 11, September 10, October 10, November 9, and December 9, 2020, and January 8, February 7, March 9, 2021, April 8, 2021, May 8, 2021, and June 7, 2021.

At a motions hearing before the trial court on September 11, 2023, the trial court raised a concern about whether the statute of limitations had run prior to the accusations in this case. Defense counsel did not contest that the case had been accused within the statute of limitations but stated that the statute of limitations in this case had been tolled for 474 days due to the Georgia Supreme Court's orders establishing and extending a statewide judicial emergency during the COVID-19 pandemic. On September 15, the trial court issued an order dismissing the case for violating the applicable statute of limitation. Specifically, the trial court's order cited to the guidance provided in our Supreme Court's July 10, 2020 Fourth Order

Extending Declaration of Statewide Judicial Emergency and concluded that the statute of limitation in Jones' case had been extended only 122 days. The trial court further concluded that the limitation period in Jones' case began to run on July 14, 2020 and thus, "the case against this Defendant should have been accused no later than July 14, 2022." The State appeals, arguing that the trial court erred in its calculation of the tolling period for the statute of limitation.

We review legal errors with respect to statute of limitation issues de novo. See *State v. Conzo*, 293 Ga. App. 72, 73 (666 SE2d 404) (2008).

Prior to Jones' arrest in June 2020,

[o]n March 14, 2020, pursuant to OCGA § 38-3-62 and citing the public health emergency presented by the COVID-19 pandemic, Supreme Court of Georgia Chief Justice Harold Melton issued an order declaring a statewide judicial emergency. Among other things, the judicial emergency declaration suspended, tolled, extended and otherwise granted relief from any deadlines or time schedules in civil and criminal cases.

*Copeland v. Copeland*, 361 Ga. App. 125, 127, n. 3 (863 SE2d 509) (2021). The COVID-19 judicial emergency orders were subsequently extended several times.[1]

On July 10, 2020, our Supreme Court issued its Fourth Order Extending Declaration of Statewide Judicial Emergency. The Fourth Order stated that, effective July 14, 2020, "all deadlines and other time schedules and filing requirements . . . that have been suspended, tolled, extended, or otherwise relieved by the March 14, 2020 Order" would be reimposed, with certain exceptions and conditions, and that "[t]he 122 days between March 14 and July 14, 2020, or any portion of that period in which a statute of limitation would have run, shall be excluded from the calculation of that statute of limitation." Importantly, however, the Fourth Order also stated that "[u]ntil grand jury proceedings are generally authorized, statutes of limitation in criminal cases shall also remain tolled." Our Supreme Court extended the COVID-19 judicial emergency orders a total of fifteen times, the last of which ended the judicial emergency as of June 30, 2021. In its 15th Order, our Supreme Court indicated that the "[u]ntil this Order expires, all Georgia courts shall continue to operate under the requirements set forth in the Order as extended." Although "[s]tatutes of limitation

---

[1] The Chief Justice's Orders are available at https://www.gasupreme.us/court-information/court_corona_info/.

in criminal cases also remain tolled," the Court noted that "when this statewide judicial emergency order expires, *all* deadlines not already reimposed will immediately be reimposed (unless tolled by an applicable local judical emergency order)."

Accordingly, although the statute of limitation for misdemeanor offenses is generally two years, see OCGA § 17-3-1, the COVID-19 Emergency Orders tolled the statute of limitation in criminal cases from March 14, 2020, until June 30, 2021. Because the two year statute of limitation in Jones' case did not expire until after the accusations were filed against her on March 21, 2023, the trial court erred in dismissing the case against her. See *Chang v. Bank of Am.*, 251 Ga. App. 577, 577 (554 SE2d 765) (2001) (reversing improper dismissal of RICO charges on statute of limitation grounds).

*Judgment reversed. Miller, P. J., and Markle, J., concur.*